Scism v. Holland

*Johnson, Davis and Horton by Clarence E. Horton, Jr., for plaintiff appellant.*

*Williams, Willeford and Boger by John Hugh Williams for defendant appellee.*

VAUGHN, Judge.

*Edwin T. Pullen and George E. Clayton, Jr., for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton and Robinson by W. F. Maready for defendant appellees.*

[1, 2]  Plaintiff contends that the trial judge failed to correctly instruct the jury on the burden of proof. No reason is stated and no authority is cited to support this assignment of error and, under the rules of this Court, it will be taken as abandoned. Rule 28, Rules of Practice in the North Carolina Court of Appeals. The remainder of the plaintiff's assignments of error all relate to the court's instructions on the issue of contributory negligence which was not reached by the jury. The exceptions to the charge on this issue are, therefore, moot. *Williams v. Cody,* 236 N.C. 425, 72 S.E. 2d 867; *Williams v. Stores Co., Inc.,* 209 N.C. 591, 184 S.E. 496. We have, however, reviewed the entire charge of the able trial judge and no prejudicial error appears therein.

To answer the first issue the jury had to consider whether negligence of the defendants proximately caused the collision and, if so, whether the plaintiff was injured as a result of the collision. The evidence in this case was such that the jury may well not have been satisfied by the evidence and the greater weight thereof that either occurred. *Dotson v. Chemical Corp.,* 278 N.C. 677, 180 S.E. 2d 859.

No error.

Judges BROCK and GRAHAM concur.