Dodd v. Wilson

---

REBECCA LYNN DODD v. WILLIAM WYNN WILSON, BY HIS GUARDIAN AD LITEM JERRY C. JACKSON, AND JERRY C. JACKSON

No. 7926SC974

(Filed 6 May 1980)

**Automobiles §§ 89.4, 90.9— failure to instruct on last clear chance—verdict of no negligence—insufficient evidence of last clear chance**

In an action to recover damages sustained by plaintiff pedestrian when she was struck by a car owned and driven by defendants, the question of whether the trial court erred in failing to submit an issue as to last clear chance was rendered moot by the jury's verdict finding no negligence on the part of defendants; furthermore, this was not a case in which the doctrine of last clear chance applied, since the evidence tended to show that plaintiff, in full possession of her faculties, stood two or three feet out in a southbound lane and turned at an angle so that she was looking south, and defendant, who was traveling south without lights at 6:30 p.m., hit plaintiff without even seeing her.

APPEAL by plaintiff from *Grist, Judge.* Judgment entered 7 June 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 April 1980.

Plaintiff brought this action against defendants, the operator and owner of a motor vehicle, which struck plaintiff while she was crossing a highway. Defendants in answer to the complaint pled the defense of contributory negligence. Plaintiff filed a reply setting forth the doctrine of last clear chance. On trial of the case, the trial court refused to submit the case to the jury on the issue of last clear chance pled in plaintiff's reply. The case was submitted to the jury on the issues of defendant's negligence, plaintiff's contributory negligence and damages. The jury returned a verdict adverse to plaintiff finding no negligence on the part of defendant. Plaintiff appeals.

*Sanders, London and Welling, by Alvin A. London and Charles M. Welling, for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon and Gray, by John G. Golding and Ned A. Stiles, for defendant appellees.*

VAUGHN, Judge.

Defendant assigns as error the trial court's refusal to submit the issue of last clear chance to the jury. We hold that the jury's verdict on the issues submitted to it renders this question moot.

The case was submitted to the jury on the issues of defendant's negligence, plaintiff's contributory negligence and damages. These issues as submitted and as answered by the jury were as follows:

> 1. Was the plaintiff, Rebecca Lynn Dodd, injured as a result of the negligence of the defendant, William Wynn Wilson?
>
> ANSWER: No
>
> 2. Did Rebecca Lynn Dodd by her own negligence contribute to her injuries?
>
> ANSWER: _____
>
> 3. What amount of damages, if any, is the plaintiff entitled to recover of the defendants?
>
> ANSWER: $_____

The jury's verdict of no negligence on defendant's part makes the doctrine of last clear chance a moot issue in this case.

"The doctrine of last clear chance presupposes antecedent negligence on the part of the defendant and antecedent contributory negligence on the part of the plaintiff, such as would, but for the application of this doctrine, defeat recovery." *Clodfelter v. Carroll,* 261 N.C. 630, 634, 135 S.E. 2d 636, 638 (1964); *Freight Lines v. Burlington Mills,* 246 N.C. 143, 97 S.E. 2d 850 (1957). The trial court properly and adequately instructed the jury on the issue of defendant's negligence. The jury was properly instructed that the other two issues of plaintiff's contributory negligence and damages need not be considered if the jury

answered the first issue in defendant's favor, *i.e.*, that defendant was not negligent. This was the answer the jury returned and it is supported by evidence presented in the case. If last clear chance were submitted as an issue, the jury would not have reached it based on the finding that defendant was not negligent. The jury's answer to one issue which determines the rights of a party can render exception concerning other issues moot. *Welch v. Jenkins*, 271 N.C. 138, 155 S.E. 2d 763 (1967).

This case should be distinguished from *Cockrell v. Transport Co.*, 295 N.C. 444, 245 S.E. 2d 497 (1978), where the trial court erroneously refused to instruct on the doctrine of last clear chance. The pertinent issues submitted to the jury and the jury answers were as follows:

1. Was Mary Lynn Cockrell killed as a result of the negligence of the defendant, Johnny Harold Cavanaugh?

ANSWER: No

2. Did Mary Lynn Cockrell by her own negligence contribute to her death?

ANSWER: Yes.

*Id.* at 451, 245 S.E. 2d at 502. The Court held it was error not to instruct on the doctrine of last clear chance and that the error was not cured nor made moot by the jury verdict. In *Cockrell*, the Court was faced with a verdict resulting from the jury's not heeding the trial court's instruction *not* to consider the issue of the plaintiff's contributory negligence if it found no negligence on the part of the defendant. In the case at hand, there is no inconsistency in the jury finding of no negligence by defendant. The error or confusion on the part of the jury present in *Cockrell* is not present in this case.

Moreover, not only is the issue of last clear chance moot in this case because of the jury finding of no negligence on the part of defendant, this was not a case where the doctrine applies. Whether the doctrine applies is determined by the facts and circumstances of each particular case. Had the issue not been rendered moot by the jury finding, the issue would have been whether there was sufficient evidence, considered in a light most favorable to plaintiff, to require submission of the issue of last

clear chance to the jury. The evidence presented at trial would under this standard present the following.

After dark on 16 November 1977, plaintiff started to cross from the west to the east a two lane North Carolina highway which runs north and south. The area was lighted by a nearby streetlight and lights from businesses located nearby. Plaintiff walked a step or two into the southbound lane and stopped there for traffic which was coming north on the road. She turned at an angle so she could see the oncoming northbound cars. The defendant driver was travelling south on the road in the lane plaintiff was standing in. A friend of plaintiff, standing on the west side of the road saw defendant's car and screamed to plaintiff who then saw the oncoming car. It did not have any lights. She attempted to get out of the road but was struck by the right side of defendant's car. The defendant driver told the investigating officer he did not know he had hit anything but heard a scream and turned around 500 feet from where he hit plaintiff and came back. The road is straight for 960 feet from a hill crest to the point where plaintiff was hit. The view is unobstructed.

These facts presented in a light most favorable to plaintiff do not present a situation where the doctrine of last clear chance is applicable.

It is well established that in order to submit the issue of last clear chance to the jury, the evidence must tend to show the following elements: (1) that plaintiff, by his own negligence, placed himself in a position of peril (or a position of peril to which he was inadvertent); (2) that defendant saw, or by the exercise of reasonable care should have seen, and understood the perilous position of plaintiff; (3) that he should have so seen or discovered plaintiff's perilous condition in time to have avoided injuring him; (4) that notwithstanding such notice defendant failed or refused to use every reasonable means at his command to avoid the impending injury; and (5) that as a result of such failure or refusal plaintiff was in fact injured.

*Wray v. Hughes*, 44 N.C. App. 678, 681-82, 262 S.E. 2d 307, 309-10 (1980). Plaintiff, in full possession of her faculties stood two or three feet out in a southbound lane and turned at an angle so that she was looking south. Defendant, meanwhile, was driving

Dodd v. Wilson

without lights at 6:30 p.m. and hit plaintiff without even seeing her. While this, in a light most favorable to plaintiff, seems to be a case of negligence on the part of both parties, the doctrine does not apply if defendant had only the last possible chance to avoid the injury. Defendant must have had the last clear chance. The evidence in a light most favorable to plaintiff does not indicate that defendant had such a clear chance. For plaintiff to be entitled to the instruction, there must be evidence that plaintiff was in a position of inadvertent or helpless peril which defendant thereafter discovered or should have discovered and that defendant had the means and the time to avoid the injury and failed to do so. The evidence does not present a situation where the doctrine would apply. *See, e.g., Battle v. Chavis*, 266 N.C. 778, 147 S.E. 2d 387 (1966); *Clodfelter v. Carroll*, 261 N.C. 630, 135 S.E. 2d 636 (1964); *Sink v. Sumrell*, 41 N.C. App. 242, 254 S.E. 2d 665 (1979).

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.