ROGER STEPHEN WELLS, D/B/A WELLS BROTHERS DAIRY v. FRENCH BROAD ELECTRIC MEMBERSHIP CORPORATION

No. 8328SC739

(Filed 15 May 1984)

1. Appeal and Error § 9— moot questions

Assignments of error relating to evidence of damages and submission of a contributory negligence issue were moot where the jury found that plaintiff was not damaged by defendant's negligence.

Wells v. French Broad Elec. Mem. Corp.

**2. Evidence § 48.2— qualification of expert—no abuse of discretion**

The trial court did not abuse its discretion in permitting plaintiff's witness to testify as an expert on mastitis control but not as an expert on dairy farming where the witness necessarily drew upon his knowledge of dairy farming in testifying about mastitis control.

**3. Evidence § 40.1— non-expert testimony properly excluded**

In an action to recover damages for mastitis suffered by plaintiff's dairy herd allegedly as the result of excess voltage supplied by defendant electric utility to plaintiff's electric milking machines, the trial court did not commit prejudicial error in refusing to allow plaintiff's father to testify how many cows died between 1977 and 1980 where a proper foundation for the cause of their death was not laid; nor was it prejudicial error to strike his testimony that a certain amount of voltage caused the mastitis since plaintiff's father was not qualified as an expert.

**4. Evidence § 25— exclusion of photograph**

The trial court did not commit prejudicial error in refusing to admit a photograph to illustrate a witness' testimony where the witness had already testified as to the subject matter of the photograph, and where it does not appear in the record how the photograph would have been used to illustrate his testimony.

**5. Electricity § 4— electric supplier—instructions on duty to ultimate purchaser**

In an action to recover damages for mastitis suffered by plaintiff's dairy herd allegedly as the result of excess voltage supplied by defendant electric utility to plaintiff's electric milking machines, the trial court did not err in refusing to give plaintiff's requested instruction that the distributor of a dangerous product is under a duty to the ultimate purchaser, when ordinary care so requires, to give adequate warning of any foreseeable dangers arising out of its use and is liable to the purchaser for injury resulting from failure to perform this duty since (1) the evidence did not conclusively support a duty to warn in that the record was void of evidence that defendant should have known of the potential deleterious effects of excess voltage on dairy herds; (2) the proposed instruction incorrectly stated the law in that it failed to contain the element of knowledge and failed to state that the supplier is subject to liability only where there is no reason to believe that users will realize the dangerous condition of the product; and (3) the trial judge correctly instructed the jury on the applicable law that the standard of care owed by a supplier of electricity to the public is the highest degree of care because of the dangerous nature of electricity.

APPEAL by plaintiff from *Burroughs, Judge.* Judgment entered 23 November 1982 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 30 April 1984.

This action was brought by plaintiff, a dairy farmer, to recover for damages alleged to have been sustained as a result of the negligence of defendant, an electric utility that serviced plain-

tiff's dairy barn. In its answer, defendant pleaded contributory negligence as a bar to plaintiff's claims.

Plaintiff alleged that, since 1977, a percentage of his dairy herd has suffered from mastitis, an inflammation of the udder caused by infection. The evidence showed that when cows suffer from mastitis, their milk must be poured out and cannot be used. In severe cases, there is no hope that the animal will recover. This is what happened in the instant case, and the plaintiff consequently sold the infected cattle for beef in order to salvage some of their value.

At some point after the occurrence of mastitis in his dairy herd, plaintiff contacted various experts in the hope of discovering what caused the infection. As a result of his inquiries, plaintiff became convinced that "stray voltage" was responsible for the mastitis. That is, plaintiff determined that the voltage of the electricity supplied by defendant and utilized by plaintiff's electric milking machines was too great. Because of the excess voltage, the cows received electric shocks from the machines, which caused them to hold in their milk, as a result of which they contracted mastitis, and were ultimately sold for slaughter. Plaintiff's contention at trial was that the stray voltage was caused by the defendant electric utility's negligent failure to balance their power lines, and was also caused by faulty or loose connections at the transformer. Plaintiff further contended that, in any event, defendant had a duty to warn plaintiff about the causal link between stray voltage and mastitis.

Defendant introduced evidence that tended to refute the allegations of negligence, namely, that discovery of the causal connection between the amount of electricity supplied to dairy barns and the incidence of mastitis is quite recent and to some extent speculative. Defendant's evidence also tended to show that the facts of this case do not sufficiently support the element of proximate cause, i.e., that other factors independent of stray voltage might have been responsible for the mastitis problem plaintiff had with the herd. At trial, the jury returned a verdict in favor of the defendant and the plaintiff appeals.

*Gudger, Reynolds, Ganly & Stewart, by Joseph C. Reynolds, for plaintiff appellant.*

*Morris, Golding and Phillips, by William C. Morris, Jr., for defendant appellee.*

VAUGHN, Chief Judge.

[1]   We first dispose of two of plaintiff's assignments of error on mootness grounds. Plaintiff assigns error to the trial court's failure to admit certain evidence relating to loss of production damages, and also assigns error to the submission of the contributory negligence issue to the jury. Because the jury found that the plaintiff was not damaged by defendant's negligence, both these assignments are rendered moot.

Appellate courts will not decide moot or academic questions, *Rice v. Rigsby,* 259 N.C. 506, 518, 131 S.E. 2d 469, 477 (1963), and the jury's answer to one issue which determines the rights of a party can render an exception concerning other issues moot, and thus not required to be considered on appeal. *Dodd v. Wilson,* 46 N.C. App. 601, 265 S.E. 2d 449, *review denied,* 301 N.C. 235, 283 S.E. 2d 131 (1980). Where, as here, the jury has returned a verdict in defendant's favor, this Court need not address errors relating to the determination of damages or remedies. *See, e.g., Foods, Inc. v. Super Markets,* 288 N.C. 213, 217 S.E. 2d 566 (1975) (where jury determined that supermarket, on termination of biscuit supply contract, was not required to pay for leftover labels and packaging materials, assignments of error relating to UCC remedies allegedly available became moot). Nor need we address the propriety of submitting the issue of contributory negligence to the jury. Where a jury determines that plaintiff was not injured by a defendant's negligence, exceptions to the charge on issue of contributory negligence are moot. *Scism v. Holland,* 12 N.C. App. 405, 183 S.E. 2d 282 (1971).

In its third argument, plaintiff groups together a number of loosely connected exceptions. These exceptions are generally concerned with the trial court's refusal to qualify certain witnesses as experts, and its refusal to allow certain opinion testimony of these witnesses. It is first necessary to eliminate certain of the listed exceptions from our consideration on various grounds unrelated to the merits of the objections. In particular, answers

were never given to many of the questions to which plaintiff excepted. It was incumbent upon plaintiff to get these answers in the record out of the presence of the jury if he wished to preserve his right to have this Court consider whether the excluded evidence was properly omitted. *See Heating Co. v. Construction Co.*, 268 N.C. 23, 30, 149 S.E. 2d 625, 630 (1966).

[2]   In reviewing the assignments to which the right to appellate review was properly preserved, we find no error. In particular, the trial court allowed one of plaintiff's witnesses to testify as an expert on mastitis control but not as an expert on dairy farming. As a practical matter, by allowing the witness to testify as an expert in mastitis control, the witness necessarily drew upon his knowledge of dairy farming in responding to counsel's questions, the two subjects being interrelated. There was therefore no abuse of discretion, and such abuse is necessary before a trial court's failure to qualify an individual as an expert witness may be reversed. *State v. Puckett*, 54 N.C. App. 576, 284 S.E. 2d 326 (1981).

Plaintiff also lists numerous exceptions in support of his argument that certain of defendant's objections to the testimony of non-expert witnesses were erroneously sustained. Once again, we remove from our consideration some of these exceptions where plaintiff's counsel never had the witness respond to the question outside of the jury's presence so that the answer could be preserved for appellate review. In addition, the trial court ruled correctly in excluding testimony where the time period inquired about was outside the three years prior to the institution of the action. *See* G.S. 1-52(5) (statute of limitations for negligence actions).

[3]   The remaining exceptions pertaining to the testimony of non-expert witnesses may be reviewed on meritorious grounds; again, we find no error. Reviewing these exceptions briefly seriatim, we find it was not prejudicial error to refuse to allow plaintiff's father to testify how many cows died between 1977 and 1980 where a proper foundation for the cause of their death was not laid, nor was it prejudicial error to strike his answer to another question in which he stated that a certain amount of voltage caused the mastitis. Plaintiff's father was not qualified as an expert and therefore should not have been permitted to guess the cause of the cows' disease.

[4]  Exclusion of a photograph of an isolation transformer built under plaintiff's direction to cure the stray voltage problem was proper. Plaintiff's counsel stated to the trial court that the photograph was only to illustrate the witness's testimony, and the witness had already testified as to the subject matter of the photograph. No prejudicial error therefore inhered. Furthermore, it does not appear in the record how the photograph would have been used to illustrate his testimony. *See Fleming v. R.R.*, 236 N.C. 568, 73 S.E. 2d 544 (1952) (no prejudicial error from exclusion of photograph).

Similarly, the evidentiary ruling that excluded a document which purported to corroborate a witness's testimony concerning pounds of milk and amount of butterfat produced by plaintiff's herd was not reversible error. Furthermore, such evidence goes to the issue of damages only and questions relating to damages are moot for purposes of this appeal. *See* discussion, *supra.* Testimony by defendant's general manager as to what his employees discovered on inspecting the electrical poles on plaintiff's farm was properly excluded as hearsay.

Finally, it was proper to refuse to allow the general manager to state whether he had advised customers other than plaintiff of potential dangers arising from the effect of stray voltage on dairy herds. First, the general manager testified he was unaware of such a problem until plaintiff advised him of it; second, no evidence in the record gives rise to a duty on the general manager's part to communicate such advice to his customers.

[5]  Plaintiff lastly contends that the trial court erred in refusing to give a requested instruction to the jury, which stated in pertinent part that:

> The distributor of a dangerous product is under a duty to the ultimate purchaser when ordinary care so requires, to give adequate warning of any foreseeable dangers arising out of its use. The distributor is liable to the purchaser for injury resulting to persons or property from failure to perform this duty.

We hold that the trial court did not err in refusing to so instruct the jury. First, the evidence does not conclusively support a duty to warn. It appears from his testimony that defendant's

general manager was not aware of the possibility that stray voltage caused the mastitis until he was notified by plaintiff and plaintiff's father. Where there is no such actual knowledge, the next step is to examine the record to determine whether defendant had constructive knowledge of the hazards associated with stray voltage. The record is devoid of evidence that defendant, through its agents, should have known of the potential deleterious effects of stray voltage on dairy herds: the evidence instead showed that scientific discovery of this theory is recent, research still ongoing, and findings on this subject inconclusive.

Second, we note that the proposed instruction incorrectly states the law. The supplier of a dangerous product is under a duty to warn only when he or she has actual or constructive knowledge that the product is dangerous for the use for which it is supplied. The proposed instruction fails to contain the element of knowledge. See Stegall v. Oil Co., 260 N.C. 459, 464, 133 S.E. 2d 138, 142 (1963), for a correct statement of the law. The Stegall case also indicates that the supplier is subject to liability only where there is no reason to believe that users will realize the dangerous condition of the product. The proposed instruction does not address this issue either, and Judge Burroughs was under no obligation to correct the defects in the proposed instruction so that it conformed with applicable law. See King v. Higgins, 272 N.C. 267, 270, 158 S.E. 2d 67, 70 (1967).

Third, the judge's charge to the jury included instructions that the standard of care owed by a supplier of electricity to the public is the highest degree of care because of the dangerous nature of electricity. Snow v. Power Co., 297 N.C. 591, 596, 256 S.E. 2d 227, 231 (1979) (company supplying electricity "must use a high degree of foresight and must exercise the utmost diligence consistent with the practical operation of its business"). Accord, Beck v. Carolina Power and Light Co., 57 N.C. App. 373, 377, 291 S.E. 2d 897, 901, aff'd, 307 N.C. 267, 297 S.E. 2d 397 (1982) (standard is due care, which means commensurate care under the circumstances). The trial judge thus not only refused to give an improper proposed instruction, he correctly instructed the jury on the pertinent law in this area.

Plaintiff received a fair trial, free from error.

No error.

Judges BRASWELL and EAGLES concur.