State v. McNeill

---

STATE OF NORTH CAROLINA v. ALPHONZO McNEILL

No. 8710SC1056

(Filed 17 May 1988)

1. **Criminal Law § 66.8— photographic identification—admission at trial—no prejudice**

    There was no prejudice in a prosecution for kidnapping and common law robbery from allowing the State to examine the victim regarding a photographic identification where the victim never connected defendant to any photograph.

**2. Criminal Law § 60— fingerprints—taken day of trial—admissible**

> The trial court did not err in a prosecution for kidnapping and common law robbery by admitting evidence regarding defendant's fingerprints where defendant was surprised when his fingerprints were taken for comparison purposes on the day trial commenced. The State had obtained a search warrant before taking defendant's fingerprints and the fingerprints were taken while defendant was in custody.

**3. Criminal Law § 73.4— statements of victim to daughter and police detective—admissible as corroborative evidence**

> The trial court did not err in a prosecution for kidnapping and common law robbery by admitting testimony of the victim's daughter and a police detective about what the victim said had happened. Although the trial court apparently admitted the testimony under the excited utterance exception of N.C.G.S. § 8C-1, Rule 803(2), there was no prejudice since the testimony was admissible as corroborative of the victim's testimony.

APPEAL by defendant from *Hight, Judge.* Judgment entered 16 April 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 9 May 1988.

Defendant was charged in proper bills of indictment with kidnapping in violation of G.S. 14-39 and with common law robbery. Evidence presented at trial tends to show that on 25 July 1986, a white female drove her automobile to Raleigh to visit her daughter. She became lost and asked a black man how to get to 705 North East Street. The man told her he would take her to where she wanted to go. He directed her, and they went to an apartment, where the victim and the man saw another black man, William Yates. Thereafter, the victim went with the black man who had first offered to assist her to a secluded area where he took her jewelry and told her to get out of the car. She did so, and then walked down to a service station where she called her daughter. Her daughter met her at the service station, and she told her daughter what happened. They then reported the incident to the police. A detective from the Wake County Sheriff's Department went to the apartment where the victim had been and talked to William Yates. At first, Yates refused to identify the man who had come to the apartment with a white woman, but later after being given $200 by detectives, Yates told officers that defendant, Alphonzo McNeill, had come to the apartment with a white woman and said "he was going to rob that old white lady." The Wake County Sheriff's Department lifted a palm print from the exterior of the passenger door of the victim's automobile.

This palm print was identified as being that of defendant. The charge of kidnapping was dismissed by the court, and the jury found defendant guilty of larceny from the person in violation of G.S. 14-72(b)(1). From a judgment imposing a prison sentence of 10 years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Robert G. Webb and Associate Attorney General Richard G. Sowerby, Jr., for the State.*

*Frederick W. Hehre, III, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant's first assignment of error is set out in the record as follows:

> 1. Did the trial court commit error in allowing, over the objections of the Defendant, the State's witness, Dorothy Phillips Bryan to identify a photograph of some person in a photo line-up where the witness has no present recall of the photograph other than by identification by number on said photographic line-up.

This assignment of error purports to be based on Exception No. 1 noted in the record where the trial judge after voir dire examination of the victim denies the motion "for reasons stated. . . ." The voir dire examination of the victim was ostensibly for the purpose of determining whether her out-of-court identification of defendant from a photographic line-up could be admitted at trial. The ruling of the court seemed to indicate that the court would allow the State to introduce evidence at trial that the victim had picked out defendant's photograph as being the photograph of the perpetrator of the crime charged.

At trial, the victim was unable to remember anything with respect to picking out defendant's photograph. Although she was led repeatedly by the State's attorney, she never identified any of the photographs as being one of defendant nor did she identify defendant as being perpetrator of the crime. Her testimony was sufficient, however, to show a crime had been committed, and coupled with the testimony of her daughter and the police officers, the evidence was sufficient to raise an inference that defendant was the perpetrator of the crime. The exception upon

which defendant's first assignment of error is based does not support the argument in his brief. Assuming *arguendo*, however, that the court erred in denying defendant's motion in regard to the photographic line-up, and in even allowing the State to examine the victim regarding it, such error was in no way prejudicial to defendant inasmuch as the victim never connected defendant to any photograph.

[2] Defendant's second assignment of error is set out in the record as follows:

> 2. Did the trial court commit error in allowing, over the objections of the Defendant, the State's witness Joseph M. Ludas to identify the Defendant's fingerprints as those of the Defendant taken from the vehicle of the victim, when said comparison of the fingerprints were made the day of the trial of the Defendant pursuant to search warrant issued on the date of trial and after the commencement of the trial, and without notice to the Defendant.

This assignment of error appears to be based on an exception to the trial court's overruling of defendant's objection at trial to admission of evidence regarding comparison of defendant's fingerprints to latent fingerprints taken from the automobile of the victim immediately after the crime. Defendant argues that such evidence should not have been admitted because he was surprised when his fingerprints were taken for comparison purposes on the day the trial commenced. Defendant cites no authority in support of his argument. The State obtained a search warrant for taking defendant's fingerprints before trial, and the fingerprints were taken while defendant was in custody. We hold the trial court did not err in allowing the fingerprint expert to testify and compare defendant's fingerprints with those latent fingerprints lifted from the victim's automobile. This assignment of error has no merit.

[3] In defendant's final two assignments of error, he argues the trial court erred by allowing testimony of the victim's daughter and a police detective about what the victim said happened. Defendant contends this testimony was inadmissible hearsay under the Rules of Evidence. Although the State's attorney argued at trial that several exceptions to the hearsay rule would allow the testimony to be admitted, the trial court apparently admitted it under the "excited utterance" exception, G.S. 8C-1, Rule 803(2).

Even if such a ruling were error, defendant was not unduly prejudiced since the testimony was admissible as corroborative of the victim's testimony. Corroborative evidence is supplementary evidence used to strengthen or confirm evidence already given. *State v. Burns*, 307 N.C. 224, 297 S.E. 2d 384 (1982). It is not necessary that the evidence tend to prove the precise facts brought out in a witness' testimony before it can be deemed corroborative of such testimony and therefore admissible. *Id.* Further, defendant had an affirmative duty to point out to the trial court any objectionable part which did not corroborate prior testimony, and he did not do so. *State v. Harris*, 46 N.C. App. 284, 264 S.E. 2d 790 (1980). Indeed, defendant at trial was unable to state to the trial judge any basis for his objection to the testimony. For these reasons, we hold the trial court did not err in allowing the testimony.

Defendant has not challenged the sufficiency of the evidence to support his conviction of larceny from the person. We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges WELLS and COZORT concur.