STATE OF NORTH CAROLINA v. WILLIS WAYNE REYNOLDS

No. 8721SC1186

(Filed 2 August 1988)

**Criminal Law § 89.3— statement of co-conspirator—no weight or credibility added to trial testimony—statement inadmissible for corroboration**

    The trial court erred in admitting for corroborative purposes the prior statement of an alleged co-conspirator that defendant was very active in persuading him to commit a robbery, since the statement added neither weight nor credibility to his trial testimony that he was unable to remember if defendant even participated in the discussions concerning the robbery; furthermore, admission of the statement was prejudicial error, since it was the only evidence clearly identifying defendant as part of the conspiracy.

APPEAL by defendant from *Cornelius, Judge.* Judgment entered 9 July 1987 and order entered 11 December 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 3 May 1988.

Defendant was indicted and tried for conspiracy to commit armed robbery of the Mayflower Seafood Restaurant and for felony armed robbery of a Food Lion store. A jury found defendant guilty as charged. The trial court sentenced defendant to terms of ten years for the conspiracy conviction and fourteen years for the armed robbery conviction.

Thereafter, on the basis of newly discovered evidence, defendant filed a motion for appropriate relief requesting the trial court to set aside his convictions for conspiracy and armed robbery. The trial court granted defendant's motion in part by ordering a new trial on the charge of armed robbery. However, the trial court denied defendant's motion to set aside the conspiracy conviction. Subsequently, the State voluntarily dismissed the robbery charge based on evidence that another person had in fact committed the crime.

Defendant appeals from the judgment entering the conspiracy conviction and from the order denying his motion for appropriate relief.

Facts relevant to the issues on appeal will be included herein.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mabel Y. Bullock, for the State.*

*Pfefferkorn, Pishko & Elliot, P.A., by Robert M. Elliot, for defendant-appellant.*

ORR, Judge.

At trial the State presented the testimony of John Timothy Mullis to establish defendant's guilt of conspiring to rob the Mayflower Restaurant.

Mullis and another man, Adam Smith, confessed to committing the actual robbery of the Mayflower Seafood Restaurant on 20 January 1987. After confessing, Mullis, in return for a plea bargain sentencing arrangement, agreed to testify against defendant and his codefendant Alfred Hemric on the conspiracy charges.

At trial Mullis testified that on the afternoon of the Mayflower robbery he stopped by defendant's home to visit. After a short time, he and defendant went "riding" and met Adam Smith, who joined them. The three men returned to defendant's home and spent the next hour or so getting high. At approximately 6:00 to 6:30 p.m. that evening, Hemric joined defendant, Smith, and Mullis at defendant's home.

Mullis said a discussion began among the men as to whether or not they should rob a local appliance store. At which point, Hemric recommended they instead rob the Mayflower Restaurant for a "cash lick." Hemric told Mullis and Smith where the cash receipts were kept in the Mayflower Restaurant and admonished the two men not to kill anybody.

Mullis testified that after the conversation ended he, Smith, and Hemric left defendant at his home and went to Hemric's home to begin preparing for the robbery. After Smith and Mullis robbed the Mayflower Restaurant they returned to Hemric's, where Hemric divided the money giving $1,100 each to Mullis and Smith and keeping the remaining $3,500.

Mullis testified at trial that all conversation concerning robbing the Mayflower took place in defendant's home and in his presence. However, when asked on two occasions at trial if defendant had participated in the conversation concerning the

robbing of the Mayflower, Mullis said, "I'm not sure. It was conversation involved but I don't know if he was talking about the Mayflower with us or not"; "I don't remember."

To corroborate Mullis's trial testimony the State introduced a statement made by Mullis on 29 January 1987, which said:

SPILLMAN: Tim, if you will, go ahead and tell us exactly, exactly how, how the uh, robbery took place, whose idea it was, how much money was got, and who, who, in fact was behind the whole situation. Scoot in a little closer here.

MULLIS: All right. Uh, I just went up to Willis's and he told me about the rob, told me about the setup and him and Al hyped it up and got, we were all getting high over at Willis's house and just, they just got me hyped up about it and . . .

SPILLMAN: Got you hyped up about what?

MULLIS: About pulling, pulling off the robbery.

SPILLMAN: The robbery at; where at?

MULLIS: Mayflower.

SPILLMAN: All right.

MULLIS: Said that, uh, they had somebody on the inside and that, uh, they knew the situation and it was one, two, three, that easy. It were as easy as one, two, three and all I, all I had to do was get in and get out and, uh, said that there was a lady there, and she wasn't gonna give me no problem about giving me the money and, uh, just . . .

SPILLMAN: All right. So you all talked about it and then, uh, who left with you to go do it?

MULLIS: Adam.

SPILLMAN: Adam who?

MULLIS: Smith.

SPILLMAN: All right. You and Adam Smith left; was it Willis's house?

MULLIS: Uh-huh.

SPILLMAN: And then you all went where?

MULLIS: Over the Al's house.

SPILLMAN: And then what did you do there at Al's house?

MULLIS: Uh, got high, smoked another joint. He rolled us a couple for the road and, uh, said that's for your nerves. You'll need it. Come back [unintelligible], handed me the shotgun, come straight back here when you finished and, uh, I'll count out the money and give everybody their share.

On appeal defendant assigns error to the admission of part of Mullis's 29 January 1987 statement at trial.

Defendant argues that Mullis, in his trial testimony, could not remember whether defendant took part in the discussions concerning robbing the Mayflower Restaurant. Yet, in his 29 January statement Mullis said specifically that defendant, acting in concert with Hemric, persuaded him to commit the robbery. The discrepancy between these two versions of events, defendant contends, prevents the evidence in the prior statement from being admitted to corroborate Mullis's trial testimony.

> In order to be corroborative and therefore properly admissible, the prior statement of the witness need not merely relate to specific facts brought out in the witness's testimony at trial, so long as the prior statement in fact tends to add weight or credibility to such testimony. *State v. Riddle*, 316 N.C. 152, 156-57, 340 S.E. 2d 75, 77-78 (1986); *State v. Higg[i]nbottom*, 312 N.C. 760, 768-69, 324 S.E. 2d 834, 840 (1985); *State v. Burns*, 307 N.C. 224, 231, 297 S.E. 2d 384, 388 (1982). *See State v. Ollis*, 318 N.C. 370, 348 S.E. 2d 777 (1986).

*State v. Ramey*, 318 N.C. 457, 469, 349 S.E. 2d 566, 573 (1986).

Additional or "new" information contained in the witness's prior statement may also be admitted as corroborative if it adds weight or credibility to the witness's trial testimony. *Id.* at 469, 349 S.E. 2d at 573-74.

> However, the witness's prior statements as to facts not referred to in his trial testimony *and not tending to add weight or credibility* to it are not admissible as corroborative

evidence. Additionally, the witness's prior contradictory statements may not be admitted under the guise of corroborating his testimony.

*State v. Ramey*, 318 N.C. at 469, 349 S.E. 2d at 574 (emphasis supplied and footnote omitted).

Mullis's prior statement that defendant was very active in persuading him to commit the Mayflower robbery adds neither weight nor credibility to his trial testimony that he was unable to remember if defendant even participated in the discussions concerning the robbing of the Mayflower Restaurant. Accordingly, we find the portion of Mullis's prior statement, pertaining to this question, was improperly admitted at trial.

Furthermore, because the evidence in the 29 January 1987 statement is the only evidence clearly identifying defendant as part of the conspiracy, its admission at trial was prejudicial error.

We conclude, therefore, defendant is entitled to a new trial.

Defendant's remaining assignments of error relate to matters unlikely to arise at a second trial and do not warrant discussion here.

New trial.

Judges ARNOLD and GREENE concur.