ROBERT B. BARBER, Employee, Plaintiff-Appellant v. BABCOCK & WILCOX CONSTRUCTION COMPANY, Employer, Defendant-Appellee and INA/AETNA INSURANCE COMPANY, Carrier, Defendant-Appellee

No. 8910IC588

(Filed 17 April 1990)

1. **Master and Servant § 93 (NCI3d) — workers' compensation — asbestosis — expert witness not listed during discovery**

   The Industrial Commission Deputy Commissioner did not abuse her discretion during a workers' compensation asbestosis hearing by accepting a defense witness as an expert on corporate safety despite defendant's failure to list the witness as an expert where plaintiff knew that the witness would testify as the main defense witness, apparently knew the substance of the testimony, and the matter had been continued more than once.

   **Am Jur 2d, Workmen's Compensation § 540.**

2. **Master and Servant § 93.3 (NCI3d) — workers' compensation — asbestosis — safety expert — competent to testify**

   A corporate safety expert was competent to testify pursuant to N.C.G.S. § 8C-1, Rule 406 concerning the routine practice of the defendant employer in removing asbestos even though he was not present at the jobsite where plaintiff worked.

   **Am Jur 2d, Workmen's Compensation § 544.**

3. **Master and Servant § 93.2 (NCI3d) — workers' compensation — asbestosis — air sample test data — admissible as corroboration that tests performed**

   Air sample test data were admissible in a workers' compensation asbestosis hearing as corroborative of an expert witness's testimony that testing was routinely done when asbestos was removed, but the specific test data regarding the asbestos level at the project while plaintiff was working there not admissible as corroborative evidence because the witness had no independent knowledge of the air quality at plaintiff's jobsite.

   **Am Jur 2d, Workmen's Compensation § 542.**

BARBER v. BABCOCK & WILCOX CONSTRUCTION CO.

[98 N.C. App. 203 (1990)]

4. **Master and Servant § 93.2 (NCI3d) — workers' compensation — asbestosis — air sample test results — admissible under business records exception**

Although the Industrial Commission erred by stating that specific air sample test data in a workers' compensation asbestosis hearing were not being received into evidence to prove the truth and accuracy of the results reached and then relying on that data in reaching its determination, the error was harmless because the test results were admissible under the business records exception to the hearsay rule. Although the witness was not personally knowledgeable about the scientific method used in obtaining the data, he was familiar with the system used by his company in obtaining tests and filing the results with his office and, considering also the high level of trustworthiness associated with the data, the witness was qualified to introduce the test results. N.C.G.S. § 8C-1, Rule 803(6).

Am Jur 2d, Workmen's Compensation § 542.

5. **Master and Servant § 68.1 (NCI3d) — workers' compensation — asbestosis — last injurious exposure**

The Industrial Commission did not err by holding that plaintiff was not last injuriously exposed to the hazards of asbestos while in the employment of defendant where N.C.G.S. § 97-57 provides that the employer in whose employment the employee was last injuriously exposed shall be liable; "last injuriously exposed" means an exposure which proximately augmented the disease to any extent, however slight; there is nothing in the medical reports in the record to indicate that plaintiff's exposure to asbestos worsened his condition; and plaintiff himself did not testify that the exposure had any effect on his condition.

Am Jur 2d, Workmen's Compensation § 549.

APPEAL by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 8 December 1988. Heard in the Court of Appeals 14 November 1989.

Plaintiff filed this claim for workers' compensation benefits on 7 August 1985 alleging that he had contracted the occupational disease of asbestosis in his job as an insulation worker. After a

BARBER v. BABCOCK & WILCOX CONSTRUCTION CO.

[98 N.C. App. 203 (1990)]

hearing, a Deputy Commissioner of the Industrial Commission ruled on 21 January 1988 that plaintiff does suffer from asbestosis, but that the defendant-employer is not liable for payment of workers' compensation pursuant to G.S. § 97-53(24) because plaintiff was not exposed to the hazards of asbestos for as much as thirty working days or parts thereof during the course of his employment with defendant-employer as required by G.S. § 97-57. The Full Commission issued an Opinion and Award on 8 December 1988 affirming the Deputy Commissioner's decision. Plaintiff appeals.

*Leonard T. Jernigan, Jr., P.A., by Leonard T. Jernigan, Jr., for plaintiff-appellant.*

*Petree Stockton & Robinson, by Jane C. Jackson and Barbara E. Brady, for defendant-appellees.*

JOHNSON, Judge.

The Industrial Commission (the "Commission") made the following findings of fact: Plaintiff began working as an insulator in 1947, and for the next thirty years was exposed to the hazards of asbestos. He was last exposed to the inhalation of asbestos dust in 1984, and in the ten years prior to that time, he was exposed from 1975 to 1978. Plaintiff was employed by defendant construction company on a project for a total of forty-eight days from 27 February 1984 to 4 May 1984. It was his job to insulate boilers and pipes with non-asbestos material after other workers known as laborers had removed old asbestos insulation.

Ninety-eight percent of the old asbestos (in terms of square footage) had been removed when plaintiff began work at the project. Asbestos was removed on four occasions at the project during the time plaintiff worked there. These removals were done by laborers working within an airtight containment area. The asbestos was sealed in special bags and taken to a toxic waste dump. Plaintiff was not involved in the asbestos removal. The project manager testified that air sample tests were done outside and below the containment area each time asbestos was removed. The Deputy Commissioner accepted defense witness Craig Robinson as an expert in corporate safety. This expert testified without objection that the air sample tests showed the amount of asbestos in the air at the project was negligible. The data showing results of the air tests was admitted only for the purpose of corroborating the expert's testimony. The Commission also found that before

insulators began applying new insulation, old insulation was incapsulated in a latex-base liquid which formed an airtight impermeable barrier to inhibit migration of asbestos fibers.

By his first and third Assignments of Error, plaintiff contends that the Industrial Commission relied on inadmissible evidence to support its decision that he was not exposed to asbestos dust for thirty working days. By this, plaintiff is referring to the Deputy Commissioner's allowing the defendant-employer's corporate safety specialist, Craig Robinson, to testify as an expert, and also admitting the air sample test reports as corroborative evidence.

On appeal of a decision of the Industrial Commission, we are limited to addressing two questions: Was there any competent evidence to support the Commission's findings of fact, and do the findings of fact justify the legal conclusions and decision? *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E.2d 101 (1981). The findings of fact are conclusive on appeal if supported by any competent evidence, even if there is evidence to support contrary findings. *Id.*

[1]  Plaintiff objected at the hearing to Robinson's being accepted as an expert on the grounds that the witness had not been listed by defendants as an expert during discovery. The decision of whether a witness should be qualified as an expert is addressed to the discretion of the court. *Wells v. French Broad Electric Membership Corp.*, 68 N.C. App. 410, 315 S.E.2d 316, *disc. rev. denied*, 312 N.C. 498, 322 S.E.2d 565 (1984). Here, plaintiff knew that Robinson would testify as the main defense witness, but he did not know that defendants intended to qualify him as an expert. Plaintiff also apparently knew generally the substance of the witness's testimony since he had received copies of the air sample reports during discovery. This matter had been continued more than once and, in qualifying defendants' witness as an expert, the Deputy Commissioner noted the need to avoid further delay. We cannot say that the Deputy Commissioner abused her discretion in rejecting plaintiff's argument and allowing Robinson to testify as an expert.

[2, 3]  Plaintiff also contends that Robinson's being allowed to testify was error because, although he is employed by the defendant-employer, the witness was not actually present at the jobsite where plaintiff worked. Although this argument was not raised by plaintiff at the hearing, we shall in our discretion address it.

Witness Robinson was competent to testify concerning the routine practice of the defendant-employer in removing asbestos pursuant to G.S. § 8C-1, Rule 406 which provides in part that "[e]vidence of the . . . routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the . . . organization on a particular occasion was in conformity with the habit or routine practice." To the extent that the air sample tests showed that testing was routinely done when asbestos was removed, the tests added weight or credibility to Robinson's testimony and were admissible as corroborative evidence. *State v. Reynolds*, 91 N.C. App. 103, 370 S.E.2d 600 (1988). We think, however, that the specific test data regarding the asbestos level at the project while plaintiff was working there was not admissible as corroborative evidence. Robinson had no independent knowledge of the air quality at plaintiff's jobsite, and could not testify to it. The specific test data was not, therefore, corroborative of testimony he was competent to give. *See Robbins v. Trading Post, Inc.*, 251 N.C. 663, 111 S.E.2d 884 (1960). This Court has stated that a party objecting to the introduction of evidence has the duty to bring to the trial court's attention any statements which do not corroborate a witness's testimony. *State v. McNeill*, 90 N.C. App. 257, 368 S.E.2d 206 (1988); *State v. Harris*, 46 N.C. App. 284, 264 S.E.2d 790 (1980). In this case, plaintiff failed to object to any portions of the test data as not corroborating the witness's testimony. He therefore may not raise this issue on appeal.

[4] Although the Commission stated that the specific test data were not being received into evidence to prove the truth and accuracy of the results reached, the Commission went on to quote those results in the findings of fact and clearly relied on them in reaching its determination that plaintiff had not been injuriously exposed to the hazards of asbestos while employed by the defendant-employer. This was error, but we consider it to have been harmless because the test results were admissible under G.S. § 8C-1, Rule 803(6), the business records exception to the rule against hearsay.

The tests were kept by the defendant-employer in the regular course of business, and Robinson testified that the tests were performed for the defendant-employer by a private laboratory, Health and Hygiene, Inc., which he stated is certified by the federal government to perform tests required of the defendant-employer by the Occupational Safety and Health Administration. We think the source

of this data may be regarded as trustworthy. The Commission excluded the information substantively because it found that it was not authenticated by a witness who was familiar with the system under which the tests were performed. We think witness Robinson's knowledge of and relationship to the tests were sufficient to qualify him as a "qualified other witness" under Rule 803(6) who could introduce the data. *State v. Miller*, 80 N.C. App. 425, 342 S.E.2d 553, *disc. rev. denied, appeal dismissed*, 317 N.C. 711, 347 S.E.2d 448 (1986). The test results were sent to him as safety specialist for defendant-employer, and he was aware of Health and Hygiene's credentials with the federal government and that the defendant-employer had authorized Health and Hygiene to perform the tests. Robinson was in effect a custodian for the data. Although he was not personally knowledgeable about the scientific method used in obtaining the data, he was familiar with the system used by his company in obtaining tests and filing the results with his office. For these reasons, and also in light of the high level of trustworthiness associated with the data, we find that Robinson was qualified to introduce the test results in question.

[5] By his second Assignment of Error, plaintiff contends that the Commission erred in applying an injurious exposure standard to plaintiff's claim instead of the thirty-day presumption set by G.S. § 97-57. He points out that there was asbestos in the air at plaintiff's jobsite. Plaintiff is apparently corrrect in this. The Commission found as a fact that plaintiff had last been exposed to the inhalation of asbestos in 1984, which we understand to refer to his work for the defendant-employer. The Commission went on to find as a fact that only a negligible amount of asbestos was in the air, and concluded as a matter of law that plaintiff was not "injuriously exposed to the hazards of asbestos."

G.S. § 97-57 provides in part that "[i]n any case where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, which was on the risk when the employee was so last exposed under such employer, shall be liable." Our Supreme Court has held that the term "last injuriously exposed" means "an exposure which proximately augmented the disease to any extent, however slight." *Caulder v. Waverly Mills*, 314 N.C. 70, 73, 331 S.E.2d 646, 648 (1985), and *Rutledge v. Tultex Corp.*, 308 N.C. 85, 89, 301 S.E.2d 359, 363

(1983), *quoting Haynes v. Feldspar Producing Co.*, 222 N.C. 163, 166, 22 S.E.2d 275, 277 (1942).

In the instant case, the parties stipulated to certain medical reports by doctors who had examined plaintiff. However, no medical experts were called to testify at the hearing. We have carefully reviewed the medical reports in the record, and find nothing in them to indicate that plaintiff's exposure to asbestos while employed by the defendant-employer worsened his condition "to any extent, however slight." *Id.* Neither did plaintiff himself testify that the exposure had any effect on his condition. In the face of this lack of evidence, we must conclude that the Commission did not err in holding that plaintiff was not last injuriously exposed to the hazards of asbestos while in the employment of the defendant-employer.

In light of our determination to uphold the decision of the Commission, we find it unnecessary to review the defendants' contention that plaintiff's claim is time barred.

For all the foregoing reasons, the decision of the Industrial Commission is

Affirmed.

Judges COZORT and LEWIS concur.