INGLES MARKETS, INC. v. TOWN OF BLACK MOUNTAIN

[98 N.C. App. 372 (1990)]

INGLES MARKETS, INC., A NORTH CAROLINA CORPORATION, PETITIONER-AP-
PELLANT v. TOWN OF BLACK MOUNTAIN, A MUNICIPAL CORPORATION,
W. MICHAEL BEGLEY, MAYOR OF THE TOWN OF BLACK MOUNTAIN, BILL
WHITE, JR., MARTHA GALLION, TOM MARETT, J. RICHARD HUDSON,
LARRY B. HARRIS, MEMBERS OF THE BOARD OF ALDERMEN OF THE TOWN OF
BLACK MOUNTAIN, RESPONDENTS-APPELLEES

No. 8928SC873

(Filed 1 May 1990)

**Municipal Corporations § 2.4 (NCI3d) — annexation ordinance changed
after judicial review — new petition required for further judicial
review**

> In order to obtain further review of an annexation or-
> dinance after infirmities have been corrected by the municipali-
> ty pursuant to an order of remand, whether such order of
> remand addresses all or merely some of the issues raised in
> the initial petition, appellate jurisdiction in the superior court
> must be perfected anew by filing a separate petition in accord-
> ance with the provisions of N.C.G.S. § 160A-38(a).

**Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 64, 79.**

APPEAL by petitioner from orders entered 3 May and 8 May
1989 in BUNCOMBE County Superior Court by *Judge Charles C.
Lamm*. Heard in the Court of Appeals 6 March 1990.

On 26 January 1988 respondent Town of Black Mountain, hav-
ing a population of less than 5,000, passed an ordinance of annexa-
tion ("1988 ordinance") affecting, in pertinent part, property owned
by petitioner. Pursuant to G.S. § 160A-38, petitioner duly appealed
from this action of the Town to the Buncombe County Superior
Court, alleging that the 1988 ordinance was invalid due to the
presence of numerous defects under G.S. § 160A-33, *et seq.*
Thereafter, petitioner moved for summary judgment grounded on
the failure of respondent to make specific findings that the area
to be annexed satisfied the requirements of G.S. § 160A-37(e)(1),
and therefore the 1988 ordinance was facially insufficient to show
substantial compliance with the annexation provisions of chapter
160A. The court granted petitioner's motion and remanded the
1988 ordinance to respondent Town to amend the ordinance to
include the requisite findings. The court also ordered the effective

date of the 1988 ordinance stayed until the date of the final judgment in this matter.

Pursuant to the order of remand, the Town approved an amended annexation report and, on 28 February 1989, adopted an ordinance ("1989 ordinance") amending the 1988 ordinance. Petitioner did not appeal from this action of the Town. Thereafter, the Town moved in the superior court that the stay of the operation of the 1988 ordinance be lifted and the court file in that case be closed. By order of 3 May 1989, the court granted the Town's motion, concluding that since no appeal was taken from the 28 February action of the Town, the 1989 ordinance became effective as of that date, and the superior court lacked jurisdiction to consider any further question regarding the validity of either the 1988 or 1989 ordinances. By order of 8 May 1989, the court, for the same reasons, denied petitioner's motion for stay pending appeal.

From these orders, petitioner appeals.

*Law firm of William C. Frue, Jr., by Michael C. Frue, John C. Frue and William C. Frue, Jr., for petitioner-appellant.*

*Adams, Hendon, Carson, Crow & Saenger, P.A., by Martin K. Reidinger and S. J. Crow; and Ronald E. Sneed, for respondent-appellees.*

WELLS, Judge.

By its first assignment of error, petitioner challenges the court's granting of respondent's motion to lift the stay and close the court file in this case. Petitioner's argument in support of this assignment of error, reduced to its essentials, is that no appeal was required to be taken from the action adopting the 1989 ordinance because the 1988 ordinance was remanded for the limited purpose of including specific findings of fact that the area to be annexed is developed for urban purposes as required by G.S. § 160A-37(e)(1), and therefore the order of remand did not constitute a determination of the merits of the petition regarding the validity of the 1988 ordinance.

The Town contends that the order of remand disposed of the appeal from the 1988 ordinance in its entirety and that petitioner was therefore required to appeal the adoption of the 1989 ordinance in order to obtain review thereof. The Town vigorously argues that the effect of petitioner's position is to subvert the requirements

of the annexation statute by allowing piecemeal review of limited issues and thereby prolonging challenges to annexation.

Thus, the dispositive question presented is whether the superior court's entry of its order of remand divested that court of appellate jurisdiction to conduct further review of those aspects of the petition brought forward, but not addressed by the order, such that petitioner was required to appeal anew from the action of the Town taken pursuant to remand in order to obtain the right to a review of the 1989 ordinance in the superior court. We answer this question in the affirmative.

An appeal from the passage of an annexation ordinance by a municipality having a population of less than 5,000 must be taken within 30 days following such passage by filing a petition in the superior court of the county in which the municipality is located. N.C. Gen. Stat. § 160A-38(a) (1987). Compliance with this provision is a condition precedent to perfecting appellate jurisdiction in the superior court for the review of an annexation ordinance. *See Gaskill v. Costlow*, 270 N.C. 686, 155 S.E.2d 148 (1967). Once appellate jurisdiction in the superior court is perfected, review "shall be expeditious and without unnecessary delays." N.C. Gen. Stat. § 160A-38(f).

The action which the superior court may take pursuant to its review of an annexation ordinance is limited. Under G.S. § 160A-38(g), the court must either affirm the action of the municipal governing board without change, or remand for one or more of the following:

(1) . . . for further proceedings if procedural irregularities are found to have materially prejudiced the substantive rights of any of the petitioners.

(2) . . . for amendment of the boundaries to conform to the provisions of G.S. 160A-36 if it finds that the provisions of G.S. 160A-36 have not been met[.]

(3) . . . for amendment of the plans for providing services to the end that the provisions of G.S. 160A-35 are satisfied.

In the event of remand, a municipality must take action in accordance with the court's instructions within three months from receipt thereof or the annexation proceeding "shall be deemed null and void." *Id.*

G.S. § 160A-38(i)[1] further provides:

> If part or all of the area annexed under the terms of an annexation ordinance is the subject of an appeal to the superior court, Court of Appeals or Supreme Court on the effective date of the ordinance, then the ordinance shall be deemed amended to make the effective date with respect to such area the date of the final judgment of the [appropriate court], *or the date the municipal governing board completes action to make the ordinance conform to the court's instructions in the event of remand.* (Emphasis added.)

In construing the identical provisions of G.S. § 160A-50(i) (applying to appeals from the passage of an ordinance of annexation by municipalities having a population of greater than 5,000), our Supreme Court has held that the effective date of an ordinance adopted pursuant to an order of remand as set forth in the statute is "subject to *further* appeal to the superior court." *Moody v. Town of Carrboro*, 301 N.C. 318, 271 S.E.2d 265 (1980). (Emphasis added.)

G.S. § 160A-38(i) and our Supreme Court's holding in *Moody* make it clear that the effective date of an ordinance adopted pursuant to the superior court's order of remand is neither postponed nor amended absent *further appeal*, which must be taken within the required 30 days; *i.e.*, the ordinance becomes an accomplished fact, subject only to further appeal. Obviously, such can be the case only if the superior court's entry of the order of remand fully concludes its review of the petition, thereby divesting it of jurisdiction to entertain further proceedings on the merits thereof. This remains true whether the order of remand is based on one or all of the alternative grounds set forth in G.S. § 160A-38(g). This result is consonant with the well established rule that a decision on appeal should be limited to ruling upon only those issues necessary to a proper disposition of the case. *See Todd v. White*, 246 N.C. 59, 97 S.E.2d 439 (1957); 5 Am. Jur. 2d, Appeal and Error § 760.

Most importantly, to hold that the superior court retains jurisdiction of the cause under G.S. § 160A-38 whenever it enters an order of remand that addresses less than all of the issues brought

---

1. We note that the amendments to G.S. § 160A-38(i), effective 1 January 1990, are neither applicable to the present case nor germane to the rationale upon which our holding is based.

forward by a petitioner would create a significant danger of fragmentation and delay by allowing limited issues to be excised from the case, passed upon, and remanded for further municipal action, leaving the remainder of the case in appellate limbo in the superior court. This would plainly conflict with the requirement of G.S. § 160A-38(f) that review of annexation ordinances "shall be expeditious and without unnecessary delays."

We therefore hold that in order to obtain further review of an annexation ordinance after infirmities have been corrected by the municipality pursuant to an order of remand, whether such order of remand addresses all or merely some of the issues raised in the initial petition, appellate jurisdiction in the superior court must be perfected anew by filing a separate petition in accordance with the provisions of G.S. § 160A-38(a).

In the present case, we hold that the superior court's order of remand fully disposed of petitioner's appeal from the 1988 ordinance. Additionally, it is plain that the portion of that order staying the ordinance until the date of final judgment in this matter is subject to the provisions of G.S. § 160A-38(i) and cannot alter the jurisdictional perimeters established by that statute. Consequently, by failing to take further appeal from the 1989 ordinance adopted pursuant to the order of remand, the ordinance of annexation became an accomplished fact, effective 28 February 1989. The superior court thus correctly concluded that it lacked jurisdiction to entertain further proceedings on the merits of the petition.

By its remaining assignment of error, petitioner challenges the court's order denying its motion to stay operation of the ordinance pending appeal. Because of our disposition of petitioner's first assignment of error, this question has become moot and we decline to consider it. *Wells v. French Broad Elec. Mem. Corp.*, 68 N.C. App. 410, 315 S.E.2d 316, *disc. rev. denied*, 312 N.C. 498, 322 S.E.2d 565 (1984) (*citing Rice v. Rigsby*, 259 N.C. 506, 131 S.E.2d 469 (1963)).

For the reasons stated, the orders entered below are

Affirmed.

Judges COZORT and LEWIS concur.