CHICORA COUNTRY CLUB, INC., ET. AL., PETITIONERS-APPELLANTS V.
TOWN OF ERWIN, RESPONDENT-APPELLEE

No. COA97-52
No. COA97-53

(Filed 16 December 1997)

1. **Appeal and Error § 421 (NCI4th)— failure to reference transcript or record pages—violation of appellate rules— appeal heard to prevent manifest injustice**

An appeal was subject to dismissal, but was heard pursuant to the discretionary authority of the court to prevent manifest injustice, where appellants failed to comply with numerous provisions of the Rules of Appellate Procedure, especially Rules 28(b)(4) and (5).

2. **Municipal Corporations § 123 (NCI4th)— annexation— challenge to ordinance—petition not timely filed**

The trial court did not err by dismissing for lack of jurisdiction a petition for review of an annexation ordinance where the petition was not timely filed. N.C.G.S. § 160A-38 provides that any person owning property in the annexed territory may file a petition seeking review within thirty days following passage of an annexation ordinance. The challenged ordinance was passed on 20 March 1996 and the petition was filed on 22 April 1996. Although petitioner argues that passage does not occur until the text of the ordinance can be read so that interested parties can comprehend its effect, an ordinance is passed when voted on by the governing board of the municipality. Because of the failure to timely file the petition, the trial court had no jurisdiction and properly dismissed the action.

3. **Time or Date § 19 (NCI4th)— annexation ordinance—petition for review—untimely filed—no authority to extend time under Rule 6(d)**

Even if petitioner could demonstrate that a petition for review of an annexation ordinance was untimely filed due to

excusable neglect, the trial court had no authority under N.C.G.S. § 1A-1, Rule 6(b) to extend the time. It has been consistently held that a trial court's authority in exercising its discretion under Rule 6(b) is limited to those time periods prescribed by the Rules of Civil Procedure; the thirty day time limitation here is a mandate set forth by the legislature by statute which must be met in order to confer jurisdiction rather than a limitation contained in the Rules of Civil Procedure.

4. **Municipal Corporations § 130 (NCI4th)— review of annexation ordinance—motion to amend petition—more than 30 days after petition—denial not an abuse of discretion**

The trial court did not abuse its discretion in denying a motion to amend a petition to review an annexation ordinance where the amendment was to include review of the readoption of the ordinance after certain language was amended. A party may amend its pleading as a matter of course under N.C.G.S. § 1A-1, Rule 15(a) within thirty days and otherwise only by leave of court, which shall be freely allowed. Here, petitioner sought the amendment more than thirty days after the original petition was filed, the order denying the motion states that the interest of justice would not be served by granting the requested relief, and the transcript indicates that the motion was denied to prevent petitioner from unfairly extending the time to challenge the second ordinance after it had become apparent that the second action would likely be dismissed for failure to timely file. The trial court's decision was a reasoned one made to prevent unfair prejudice to the Town.

5. **Municipal Corporations § 129 (NCI4th)— annexation—ordinance re-adopted—petition for review of original ordinance—moot**

The trial court did not err by granting summary judgment for defendant on petitioner's April 1 petition on the grounds that it was moot where the Town adopted an annexation ordinance on 7 March; called a special meeting on 20 March at which it re-adopted the 7 March ordinance after removing certain language; the minutes of this meeting were not made a part of the public record until 5 April; petitioner had filed for superior court review of the 7 March ordinance on 1 April; petitioner filed a second petition on 22 April to review the second ordinance; defendant moved to dismiss this petition on the grounds that it was not timely filed;

and petitioner filed an amended petition to contest both ordinances. The Town rescinded the 7 March ordinance and the court had before it no issues upon which to rule and no facts upon which to decide, and petitioner received the relief that it requested in this action—withdrawal of the 7 March ordinance. Petitioner exhausted all avenues in which the amended petition could have been properly considered by the court as admissible evidence and the court was not obliged to consider it when ruling upon the motion for summary judgment.

**6. Municipal Corporations § 47 (NCI4th)— annexation—ordinance rescinded and re-adopted—notice and public hearing**

Summary judgment for defendant-Town on a challenge to an annexation ordinance was properly granted where the Town passed the first ordinance on 7 March, then deleted some language and re-adopted it on 20 March, and petitioner contends that the Town had a duty under N.C.G.S. § 160A-37 to notify citizens in the annexed area of the rescission and to hold a new public hearing on the re-adoption. There is no legal authority for the contention that the Town had a duty to give notice of the rescission and the issue of a new public hearing need not be resolved here since petitioner did not have authority as a matter of right or by leave the court to amend the original petition to include a challenge of the 20 March ordinance.

Appeal by petitioners from judgment entered 15 August 1996 by Judge Louis Meyer in Harnett County Superior Court. Heard in the Court of Appeals 21 October 1997.

*Bain & McRae, by Edgar R. Bain, attorney for petitioners-appellants.*

*Stewart, Hayes & Williams, P.A., by Vernon K. Stewart, attorney for respondent-appellee.*

WYNN, Judge.

These two civil actions, *Chicora Country Club, Inc. et. al. v. Town of Erwin,* 96-CVS-00687, and its companion case, *Chicora Country Club, Inc. et al. v. Town of Erwin,* 96-CVS-00581, relate to the contest of virtually identical annexation ordinances adopted on 7 March and 20 March of 1996 by the Town Board of the Town of Erwin.

In 96-CVS-00687, the sole issue raised for our consideration is whether the Superior Court of Harnett County properly dismissed appellants' petition for review of the annexation ordinance adopted by the Town of Erwin on 20 March 1996. Under relevant North Carolina statutory law, persons desiring to challenge an annexation ordinance must file a petition for review within thirty (30) days of the passage of the ordinance in order to vest the superior court with jurisdiction to review the ordinance. N.C. Gen. Stat. § 160A-38 (1995). As Chicora Country Club's petition for review was not filed within the 30 days required by statute, we hold that the Superior Court of Harnett County did not have jurisdiction to review the petition, and that as such, the trial court properly granted the Town's motion to dismiss Chicora Country Club's action.

In 96-CVS-00581, Chicora Country Club moved to amend its petition for review of an annexation ordinance adopted by the Town of Erwin on 7 March 1996 and subsequently rescinded by the Town on 20 March 1996. The trial court, however, denied that motion and then granted the Town's Motion for Summary Judgment on grounds that Chicora Country Club's action was moot. Because we find no abuse of discretion by the trial court in denying the Chicora Country Club's Motion to Amend, we affirm the trial court's ruling as to that motion. Furthermore, because the Town of Erwin rescinded the annexation ordinance which was the subject of Chicora Country Club's petition, we also affirm the trial court's grant of summary judgment in favor of the Town of Erwin on grounds that the action was moot.

## Facts and Procedural History of Both Cases

On 7 March 1996, the Town Board of Erwin adopted an annexation ordinance to extend the corporate limits of the Town by annexing land owned by Chicora Country Club. In response, on 1 April 1996, Chicora Country Club petitioned the Superior Court of Harnett County (*Chiroca Country Club, Inc. et al. v. Town of Erwin*, 96-CVS-00581) to review the 7 March ordinance.

In the meantime, unbeknownst to Chicora Country Club, the Town Board of Erwin called a special meeting on 20 March 1996 in which it re-adopted the 7 March annexation ordinance after removing certain conditional language it believed rendered the original ordinance invalid. The minutes of this special meeting were not made a part of the public record until 5 April 1996. Sometime after that date, Chicora Country Club learned of the meeting and on 22 April 1996, it filed a second petition in the Superior Court of Harnett County

(*Chicora Country Club, Inc. et al. v. Town of Erwin*, 96-CVS-00687) to review the 20 March 1996 annexation ordinance. In response, on 13 May 1996, the Town of Erwin moved to dismiss this second petition on the grounds that it was not timely filed. Thereafter, on 30 May 1996, Chicora Country Club filed a purported amended and supplemental petition to contest not only the 7 March ordinance but also the 20 March ordinance. Apparently realizing that leave of court was required to amend the original petition of 1 April (30 days had elapsed), Chicora Country Club moved the court on 2 July 1996 to allow an amendment of its 1 April petition to include not only a review of the 7 March ordinance, but also a review of the 20 March 1996 ordinance.

On 21 May 1996, the Town Board called another special meeting in which it rescinded the ordinance originally adopted on 7 March 1996. Following this action, the Town of Erwin moved for summary judgment on Chicora Country Club's petition against the 7 March ordinance on the grounds that the matter was made moot by the Town's rescission of the ordinance.

After hearing the motions, the trial court dismissed Chicora Country Club's 22 April petition to review the 20 March ordinance on the grounds that it was not timely filed and that therefore, the court lacked subject matter jurisdiction. The court also denied Chicora Country Club's Motion to Amend the 1 April petition to include a review of the 20 March ordinance and granted summary judgment for the Town of Erwin on Chicora Country Club's 1 April petition on the grounds that the action was moot. Chicora Country Club appeals.

## Preliminary Issues in Both Cases

**[1]** At the outset, we note that Chicora Country Club failed to comply with numerous provisions of the North Carolina Rules of Appellate Procedure in preparing the record on appeal, most notably Rules 28(b)(4) and (5). Chicora Country Club violated Rule 28(b)(4) by failing to make reference to any of the pages in the transcript proceedings, the Record on Appeal, or exhibits in its Statement of the Case and Facts. In that same vein, it made no references to any of these sources in the body of the Argument section of its brief. *See State v. Wilson*, 58 N.C. App. 818, 294 S.E.2d 780 (1982). Additionally, Chicora Country Club violated Rule 28(b)(5) by failing to follow the arguments in its brief with assignments of error pertinent to those questions and identified by the numbers and pages at which the assignments appeared in the Record on Appeal.

Based upon these abuses of Rule 28, Chicora Country Club's appeal is subject to dismissal. *Northwood Homeowners Assn. v. Town of Chapel Hill*, 112 N.C. App. 630, 436 S.E.2d 282 (1993). However, "in order to prevent manifest injustice" to Chicora Country Club, we nonetheless decide, pursuant to our discretionary authority under Rule 2 of the Rules of Appellate Procedure, to address the merits of these appeals.

## 96-CVS-00687

[2] In this appeal, Chicora Country Club argues that its petition for review of the 20 March annexation ordinance was timely filed, and that therefore, the trial court erred in dismissing its action for lack of jurisdiction. We disagree.

N.C. Gen. Stat § 160A-38 sets forth the procedure a party must follow to perfect an appeal from an annexation ordinance adopted by the governing board of a municipality having a population of less than 5,000. It provides in pertinent part that "[w]ithin 30 days following the passage of an annexation ordinance . . ., any person owning property in the annexed territory . . . may file a petition in the superior court . . . seeking review of the action of the governing board." N.C.G.S. § 160A-38(a) (emphasis added). In interpreting this particular provision of the statute, our courts have held that "compliance with this provision is a condition precedent to perfecting appellate jurisdiction in the superior court for the review of an annexation ordinance." *Ingles Markets, Inc. v. Town of Black Mountain*, 98 N.C. App. 372, 373, 390 S.E.2d 688, 690 (1990); *see also Gaskill v. Costlow*, 270 N.C. 686, 155 S.E.2d 148 (1967) (stating that "plaintiffs' action should have been dismissed on account of their failure, within thirty days following passage of said Annexation Ordinance, to file a petition in the Superior Court . . .").

In anticipation of this Court's application of *Ingles Markets* and *Gaskill* to the facts of this case, Chicora Country Club argues that those two cases are not controlling here because the filing of a petition was not at issue in either of those cases. To be sure, in *Ingles Markets*, the issue before the Court was not the thirty day provision in N.C.G.S. § 160A-38(a) because in that case, no petition for review was ever filed in the superior court. Instead, the issue before the *Ingles Markets* Court was whether the superior court was divested of jurisdiction once the challenged ordinance was remanded to the Town, such that further challenges by opponents of the ordinance could only be made upon the filing of a new petition for review.

Likewise, in *Gaskill*, no petition for review was filed in the superior court; rather, the challengers of the ordinance sought a declaratory judgment and a writ of mandamus. As such, the issue before our Supreme Court in that case was whether the petition for review was the exclusive means of contesting an annexation ordinance.

Notwithstanding the differences in the factual issues before the *Ingles Markets* and *Gaskill* Courts and the issue before this Court today, we find that *Ingles Markets* and *Gaskill* are controlling on the law. In both cases, the Appellate Courts made the rule regarding the appeal of an annexation ordinance unmistakably clear—"[a]n appeal from the passage of an annexation ordinance by a municipality . . . must be taken within 30 days following such passage" in order to confer jurisdiction on the superior court. *Ingles Markets*, 98 N.C. App. at 373, 390 S.E.2d at 690; *Gaskill*, 270 N.C. at 689, 155 S.E.2d at 150.

In this case, the ordinance challenged by Chicora Country Club was passed by the Town board on 20 March 1996.[1] Chicora Country Club filed its petition for review of that ordinance on 22 April 1996. The thirty days afforded by the statute expired on 19 April 1996. Because of this failure to timely file that petition, the trial court had no jurisdiction to review the challenged ordinance, and it therefore, properly dismissed Chicora Country Club's action.

[3] Chicora Country Club next argues that even if it failed to timely file the petition, the trial court should have exercised discretion under Rule 6(b) of the North Carolina Rules of Civil Procedure and allowed the petition to be filed on grounds of excusable neglect. Again, we disagree.

Rule 6(b) of the Rules of Civil Procedure provides in pertinent part:

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before or as extended by a previous order. Upon motion made after the expi-

---

1. Without citing any authority, Chicora Country Club argues in their brief to this court that the "passage" of an ordinance, as contemplated by the statute, does not officially occur until "the full text of the ordinance can be read, examined and copied so that interested parties can fully comprehend its effect." In our opinion, however, an ordinance is "passed" when voted on by the governing board of the municipality, not when the Town's citizens are notified of the adoption of that ordinance.

ration of the specified period, the judge may permit the act to be done where the failure to act was the result of excusable neglect.

N.C. Gen. Stat. § 1A-1, Rule 6(b) (emphasis added).

In exercising its discretion under Rule 6(b), our courts have consistently held that a trial court's authority to extend the time specified for doing a particular act is limited to "the computation of [those] time period[s] prescribed by *the Rules of Civil Procedure." Riverview Mobile Home Park v. Bradshaw*, 119 N.C. App. 585, 587-88, 459 S.E.2d 283, 285 (1995) (quoting *Lemons v. Old Hickory Council*, 322 N.C. 271, 275, 367 S.E.2d 655, 657, *reh'g denied*, 322 N.C. 610, 370 S.E.2d 247 (1988)); *see also Obsorne v. Walton*, 110 N.C. App. 850, 431 S.E.2d 496 (1993). Here, the thirty day time limitation for filing a petition for review of an annexation ordinance is not a limitation contained in the Rules of Civil Procedure; rather, it is a mandate set forth by our legislature in N.C.G.S. § 160A-38 which must be met in order to confer jurisdiction on the superior court to review the challenged ordinance. Therefore, we hold that even if Chicora Country Club could demonstrate to the trial court's satisfaction that the failure to timely file the petition for review of the 20 March 1996 annexation ordinance was a result of excusable neglect, the trial court in this case had no authority under Rule 6(b) to extend the time Chicora Country Club had to file that petition.

Accordingly, we find that the trial court properly dismissed the 22 April petition to review the 20 March ordinance because it lacked subject matter jurisdiction over the matter.

## 96-CVS-00581

### Motion to Amend

[4] In this appeal, Chicora Country Club first contends that the trial court erred by denying its 2 July motion to amend its petition of 1 April to include a review of not only the 7 March ordinance but also the 20 March ordinance because: (1) there was no evidence which tended to show that the Town would have been prejudiced if Chicora Country Club were allowed to amend, or that Chicora Country Club sought to amend the complaint in bad faith; and (2) the trial court set forth no reason or explanation in its order for denying Chicora Country Club's Motion to Amend. We find no merit in this contention.

Rule 15(a) of the North Carolina Rules of Appellate Procedure provides that:

> a party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one in which no responsive pleading is permitted . . . he may amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court . . . and leave shall be freely given when justice so requires.

Here, Chicora Country Club filed the original petition on 1 April 1996 and sought to amend that petition on 30 May 1996, more than 30 days after the original petition was filed; therefore, Chicora Country Club could only amend the petition by leave of court.

Our courts have consistently held that a motion to amend a pleading should be freely allowed by the trial court. *Markham v. Johnson*, 15 N.C. App. 139, 189 S.E.2d 588 (1972); *Galligan v. Smith*, 14 N.C. App. 220, 188 S.E.2d 36 (1972). However, the denial of such a motion is accorded great deference and will not be overturned absent an abuse of discretion. *North River Insurance Co. v. Young*, 117 N.C. App. 663, 453 S.E.2d 205 (1995). An abuse of discretion occurs when the trial court's ruling "is so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). When determining whether a trial court's denial was indeed the result of a reasoned decision, the appellate court may, in the absence of any declared reason for the denial of leave to amend, examine any apparent reasons for such a denial. *Kinnard v. Mecklenburg Fair, Ltd.*, 46 N.C. App. 725, 727, 266 S.E.2d 14, 15 (1980) (citing *Public Relations, Inc. v. Enterprises, Inc.*, 36 N.C. App. 673, 245 S.E.2d 782 (1978)).

In the instant case, the trial court's order denying the motion to amend does not contain any specific findings of fact supporting the court's denial. However, the court's order does state that the "interests of justice [would] not be served by granting the requested relief." Moreover, our review of the hearing transcript convinces us that the trial court's denial of Chicora Country Club's motion to amend was to prevent Chicora Country Club from unfairly extending the time to challenge the 20 March ordinance after it had become apparent that its second action would likely be dismissed for failure to timely file that petition. Accordingly, we hold that the trial court's decision in this case was a reasoned one made to prevent unfair prejudice to the

Town of Erwin, and that therefore, it did not abuse its discretion in denying Chicora Country Club's Motion to Amend.

## Summary Judgment Motion

[5] Chicora Country Club next contends that the trial court erred in granting the Town's Motion for Summary Judgment on grounds that its 1 April petition was moot. Chicora Country Club contends that the initial action brought was not moot because prior to the hearing on the Town's Motion for Summary Judgment, it filed on 30 May 1996 a petition that purportedly amended its 1 April petition by alleging the invalidity of the 20 March annexation ordinance. Given this filing, Chicora Country Club argues that there were issues before the court which were ripe for its determination. We disagree.

Under our Rules of Civil Procedure, summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Roberts v. Madison County Realtors Assn.*, 121 N.C. App. 233, 465 S.E.2d 328 (1996). Evidence properly considered on a motion for summary judgment "includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file . . . affidavits, *and any other material which would be admissible in evidence* or of which judicial notice may properly be taken." *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971) (emphasis added).

It is also a well-settled principle of civil procedure that when, in the course of litigation, "it develops that the relief sought [by a party] has been granted or that the questions originally in controversy between the parties are no longer at issue," the case should be dismissed as moot. *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978).

In the instant case, the Town of Erwin rescinded the 7 March annexation ordinance. Therefore, when ruling upon the Town's Motion for Summary Judgment, the trial court had before it no issues upon which to rule and no facts upon which to decide. Indeed, Chicora Country Club received the relief that it had requested in this particular action—a withdrawal of the 7 March annexation ordinance. The trial court was therefore correct in granting the Town's Motion for Summary Judgment.

The fact that Chicora Country Club filed an amended petition seeking review of the March 20 annexation ordinance does not alter

the above conclusion where, as here, Chicora Country Club's amendment to their original petition was not evidence which the trial court was obliged to consider when deciding upon the Town's Motion for Summary Judgment. As discussed above, under Rule 15A, "if the pleading is one which no responsive pleading is permitted, and the action has not been placed on the trial calendar," a party may amend his complaint as a matter of right at any time within thirty (30) days after it was served; otherwise, a party is required to request leave of court in order to amend. *See* Rule 15A (emphasis added). In this case, Chicora Country Club had no right under Rule 15A to amend the petition of the annexation ordinance because it did not file the amended petition within the required 30 days after the original petition was filed; and, the trial court did not abuse its discretion in not allowing Chicora Country Club to amend the petition by leave of court. Under these circumstances, it is clear that Chicora Country Club exhausted all avenues in which the amended petition could have been properly considered by the court as admissible evidence. As such, Chicora Country Club's attempt to amend the petition was not "material which would [have been] admissible in evidence" and therefore, the trial court was not obliged to consider it when ruling upon the Town's Motion for Summary Judgment. Accordingly, we find no error in the trial court's grant of summary judgment in favor of the Town of Erwin on grounds that Chicora Country Club' action was moot.

[6] Finally, Chicora Country Club contends that this Court should nonetheless reverse the trial court's order granting the Town's Motion for Summary Judgment because the Town Board of Erwin acted unlawfully when it rescinded the 7 March 1996 ordinance and then re-adopted it on 20 March 1996. According to Chicora Country Club, the Town was under a duty, pursuant to N.C. Gen. Stat. § 160A, to both notify the citizens in the proposed annexation area of the rescission and to hold a new public hearing once they had decided to re-adopt the rescinded ordinance.

N.C. Gen. Stat. § 160A-37 sets forth the procedure that a governing board of a town of less than 5,000 must follow before it can annex territory from its citizens. That statute provides in pertinent part:

(a) Notice of Intent.—Any municipal governing board desiring to annex territory under the provisions of this Part shall first pass a resolution stating the intent of the municipality to consider annexation. Such resolution shall describe the boundaries

CHICORA COUNTRY CLUB, INC. v. TOWN OF ERWIN

[128 N.C. App. 101 (1997)]

of the area and fix a date for a public hearing on the question of annexation . . .

(b) Notice of Public Hearing.— . . . Such notice shall be given by publication once a week for at least two successive weeks prior to the date of the hearing in a newspaper having general circulation in the municipality . . . . If there be no such newspaper, the municipality shall post notice in at least five public places in the area to be annexed for 30 days prior to the date of the public hearing . . .

(e) Passage of the Annexation Ordinance.—The municipal governing board shall take into consideration facts presented at the public hearing and shall have authority to amend the report required by G.S. 160A-35 to make changes in the plans for serving the area proposed to be annexed so long as such changes meet the requirements of G.S. 160A-35. At any regular or special meeting held no sooner than the tenth day following the public hearing and not later than 90 days following such public hearing, the governing board shall have authority to adopt an ordinance extending the corporate limits of the municipality to include all, or such part, of the area described in the notice of public hearing which meets the requirements of G.S. 160A-36 and which the governing board has concluded should be annexed . . .

With regard to whether the Town board of Erwin was under a duty to give Chicora Country Club notice of the fact that they had rescinded the 7 March 1996 ordinance, Chicora Country Club has cited no legal authority to support that position and we can find no provision in N.C.G.S. § 160A-37 or any other statute in chapter 160A which would impose such a duty upon the Town of Erwin.

As to the issue of whether N.C.G.S. § 160A-37 required the Town to provide Chicora Country Club with a new public hearing upon the governing board's decision to re-adopt the 7 March ordinance on 20 March 1996, we conclude that we need not resolve that issue here as we have already concluded that Chicora Country Club has no authority, as a matter or right or by leave of court, to amend the original petition to include a challenge of the 20 March ordinance. To challenge the 20 March ordinance, Chicora Country Club should have timely brought a direct appeal as it did with the 7 March ordinance. There being no direct appeal before us concerning the validity of the 20 March 1996 ordinance, the issue of whether the Town of Erwin was

under a duty to provide Chicora Country Club with a second hearing before adopting that particular ordinance is moot.

## CONCLUSION

In sum, we affirm the trial court's judgments dismissing the petition for review of the 20 March ordinance, denying the motion to amend Chicora Country Club's original petition and granting the Town of Erwin's motion for summary judgment.

Affirmed.

Judges WALKER and SMITH concur.