WILLIAM A. HAYES, ROBERT O. FLOYD, ROBERT O. FLOYD, III, JIMMY DANE AMMONS, TERESA TURNER AMMONS, GLENN S. McPHATTER, JO ANN SMITH, JIMMY BAIN SMITH, RUBY NORRIS SMITH, AMY S. BASS, ELLA MAE WALLACE, FRANCES JOHNSON CLONCH, CONNIE WHEELER BROOKS, JAMES C. CAPPS, JR., WENDY LOU CAPPS, ROBERT L. CAPPS, BEVERLY MARKS CAPPS, THOMAS M. LEWIS, SHIRLEY R. LEWIS, C.M. IVEY, GLADYS S. IVEY, D. JEFFREY ROGERS, KAY ROGERS, CAROLYN BRITT, BOBBY BRITT, A. ALLEN FOWLER, III, CARL SCOTT, MYRTLE ROSE SCOTT, RITA SCOTT PRIDGEN, RICHARD PRIDGEN, NANCY DICKENS, NANCY IVEY MARKS, BELINDA SMITH, ROBBIE LYNN SMITH, CHANDOS SMITH, KATHRYN BASSETT, WAYNE FLOYD, CHARLES CALLAHAN, A.B. STUBBS, REBECCA M. STUBBS, ALEX B. STUBBS, III, SHIRLEY F. JENKINS, PETITIONERS v. TOWN OF FAIRMONT, RESPONDENT

No. COA97-1440

(Filed 7 July 1998)

## 1. Civil Procedure— motion for dismissal—claims included

A motion to dismiss a claim based upon a particular statute was before the trial court even though the motion did not refer to that specific claim because the motion sought dismissal of "each claim" for relief asserted by petitioners.

## 2. Cities and Towns— annexation—time for appeal

The trial court erred by dismissing a petition challenging an annexation on the grounds that the action was not filed within thirty days as required by N.C.G.S. § 160A-38 where the notice of the special meeting at which the annexation ordinance was adopted did not indicate that the ordinance would be voted upon, several petitioners questioned the mayor and members of the Board of Commissioners about the status of the ordinance subsequent to the adoption of the ordinance and were repeatedly told that the ordinance had not been scheduled for a vote, and the petition was filed one year after the ordinance was adopted. Although parties cannot confer jurisdiction by estoppel as a general rule, and although the use of estoppel against governmental agencies has not been sanctioned to the same extent as against individuals or corporations, estoppel may be asserted as a bar to this motion to dismiss.

Appeal by petitioners from order filed 9 October 1997 by Judge B. Craig Ellis in Robeson County Superior Court. Heard in the Court of Appeals 3 June 1998.

*Shipman & Associates, L.L.P., by C. Wes Hodges, II, for petitioners appellants.*

*Floyd & Floyd, by Charles E. Floyd, for respondent appellee.*

GREENE, Judge.

William A. Hayes, *et al.* (collectively, petitioners) appeal from an order of the trial court dismissing the petition of the petitioners for lack of jurisdiction.

The facts in this case are as follows: In 1995, the Town of Fairmont (Fairmont), the respondent in this case, with a population of less than 5,000, began consideration for the annexation of four unincorporated portions of Robeson County and had preliminary annexation reports prepared for the proposed areas pursuant to N.C. Gen. Stat. § 160A-35. On 9 April 1996, Fairmont adopted a resolution outlining its intent to consider annexation of the four areas and setting a date for a public hearing on the issue, pursuant to N.C. Gen. Stat. § 160A-37. On 14 May 1996, a public hearing was held regarding the proposed annexation ordinance (ordinance) where several of the petitioners expressed opposition to the plan of annexation. On 27 June 1996, Fairmont held a special meeting at which the ordinance was adopted; however, Fairmont's public notice of the special meeting did not indicate that the ordinance would be voted on at that special meeting.

The petitioners alleged that: Subsequent to the adoption of the ordinance at the special meeting, several of the petitioners frequently questioned the mayor and other members of Fairmont's Board of Commissioners (Board) about the status of the ordinance, including when the ordinance would be voted on by the Board. The mayor and other Board members repeatedly told the petitioners that the ordinance had not been scheduled for a vote. On 12 September 1996, at a regularly scheduled meeting of the Board, some of the petitioners formally inquired about the status of the ordinance and were told by the mayor that no date had been set for the annexation and that the annexation plan was still under review. On 23 September 1996, Fairmont recorded the ordinance with the Robeson County Register of Deeds. Despite the continual assertions from Fairmont's elected officials that the ordinance had not been approved, several petitioners learned that the ordinance had purportedly been adopted in June 1996. On 11 February 1997, at a regularly scheduled meeting of the Board, petitioner William A. Hayes asked the mayor whether a final

HAYES v. TOWN OF FAIRMONT

[130 N.C. App. 125 (1998)]

decision had been made regarding the ordinance. At that meeting, for the first time, the mayor indicated that the Board had already adopted the ordinance.

On 27 June 1997, the petitioner filed a petition challenging the annexation of two of the areas designated by Fairmont and alleging that Fairmont "should be estopped and enjoined from asserting the statutory time limits set forth in" sections 160A-38 and 143-318.16A(b). The petitioners claim that the annexation must be declared null and void because: (1) Fairmont failed to notice the special meeting, pursuant to section 143-318.12, at which the ordinance was enacted; (2) Fairmont materially misrepresented the status of the ordinance; and (3) the area annexed failed to meet the requirements imposed by section 160A-36. On 29 July 1997, Fairmont filed an Answer and Motion to Dismiss asserting that each of the petitioners' claims for relief was barred by the provisions of N.C. Gen. Stat. § 160A-38(a), for failure to file an appeal within thirty days following the approval of the ordinance. On 15 September 1997, after a hearing on the Motion to Dismiss, the trial court dismissed the petition on the grounds that the action was not filed within the thirty days required by N.C. Gen. Stat. § 160A-38.[1] This Court, on 6 November 1997, granted the petitioners' Writ of Supersedeas staying the annexations pending this appeal.

[2] The dispositive issue is whether equitable estoppel can apply to preclude the dismissal of an action based on the failure to comply with the thirty-day filing requirement of N.C. Gen. Stat. § 160A-38(a).

N.C. Gen. Stat. § 160A-38 sets forth the procedure a party must follow to perfect an appeal from an annexation ordinance adopted by a municipality having a population of fewer than 5,000. "Within 30 days following the passage of an annexation ordinance . . . any person owning property in the annexed territory . . . may file a petition in the superior court . . . seeking review of the action of the governing board." N.C.G.S. § 160A-38(a) (Supp. 1997). "In interpreting [160A-38], our courts have held that 'compliance with this provision is a condition precedent to perfecting appellate jurisdiction in the superior

---

[1] 1. The petitioners argue that the trial court incorrectly dismissed their claim which was based on a violation of section 143-318.16A. The basis of this argument is that Fairmont's motion to dismiss did not have reference to the section 143-318.16A claim and therefore that claim was not before the trial court at the hearing on the motion to dismiss. We disagree. Fairmont's motion to dismiss specifically states that it seeks dismissal of "each claim" for relief asserted by the petitioners.

court for the review of an annexation ordinance,' " and any appeal from an annexation ordinance must be taken within thirty days to confer jurisdiction on the superior court. *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, ——, 493 S.E.2d 797, 800 (1997) (quoting *Ingles Markets, Inc. v. Town of Black Mountain*, 98 N.C. App. 372, 374, 390 S.E.2d 688, 690, *disc. review denied*, 327 N.C. 429, 395 S.E.2d 679 (1990)), *disc. review denied*, 347 N.C. 670, —— S.E.2d —— (1998); *Parker v. Thompson-Arthur Paving Co.*, 100 N.C. App. 367, 369, 396 S.E.2d. 626, 628 (1990) (failure to comply with a condition precedent constitutes a jurisdictional bar to claim).

As a general rule, parties cannot confer jurisdiction upon a court by consent, waiver, or estoppel.[2] *Hart v. Motors*, 244 N.C. 84, 88, 92 S.E.2d 673, 676 (1956); *see also Burroughs v. McNeill*, 22 N.C. 297, 301 (1839) ("[N]o consent of parties can confer a jurisdiction withheld by law."). Nonetheless, our courts have permitted, in a broad range of cases, the use of estoppel to bar the dismissal of a case for failure of the petitioner to timely file its action, even in those situations where the time limitation was classified as a condition precedent. *E.g., Belfield v. Weyerhaeuser, Co.*, 77 N.C. App. 332, 335, 335 S.E.2d 44, 46 (1985) (party may be estopped from asserting the time limitation of N.C.G.S. § 97-24); *Reinhardt v. Women's Pavilion*, 102 N.C. App. 83, 86, 401 S.E.2d 138, 140 (1991) (time limitation of N.C.G.S. § 97-24 is a condition precedent); *Bryant v. Adams*, 116 N.C. App. 448, 460, 448 S.E.2d 832, 838 (1994) (estoppel may be used to preclude dismissal on basis of statute of repose contained in N.C.G.S. § 1-50(6)), *disc. review denied*, 339 N.C. 736, 454 S.E.2d 647 (1995); *Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 475 (1985) (statute of repose "serves as an unyielding and absolute barrier that prevents a plaintiff's right of action").

Fairmont argues that estoppel is nonetheless not properly used against a governmental agency and cannot, therefore, be used to bar its section 160A-38(a) defense. We disagree. We acknowledge that our courts have not sanctioned the use of estoppel against governmental agencies to the same extent as used against private individuals or private corporations. *Henderson v. Gill, Comr. of Revenue*, 229 N.C. 313, 316, 49 S.E.2d 754, 756 (1948). Our courts have held, however, that "estoppel may arise against a [governmental entity] out of a transaction in which it acted in a governmental capacity, if an estoppel is nec-

---

2. Estoppel is a means whereby a party may be prevented from asserting a legal defense contrary to or inconsistent with previous conduct. *Godley v. County of Pitt*, 306 N.C. 357, 360, 293 S.E.2d 167, 169 (1982).

essary to prevent loss to another, and if such an estoppel will not impair the exercise of the governmental powers of the [entity]." *Washington v. McLawhorn*, 237 N.C. 449, 454, 75 S.E.2d 402, 406 (1953). *See Land-of-Sky Regional Council v. Co. of Henderson*, 78 N.C. App. 85, 336 S.E.2d 653 (1985) (assertion of estoppel allowed when plaintiff relied upon government's prior conduct in making budgetary decisions), *disc. review denied*, 316 N.C. 553, 344 S.E.2d 7 (1986); *Fike v. Bd. of Trustees*, 53 N.C. App. 78, 279 S.E.2d 910 (assertion of estoppel permitted when plaintiff relied upon government publications for the proper procedure to obtain disability retirement benefits), *disc. review denied*, 304 N.C. 194, 285 S.E.2d 98 (1981); *Meachan v. Board of Education*, 47 N.C. App. 271, 267 S.E.2d 349 (1980) (assertion of estoppel allowed when plaintiff relied on government's assertions that disability retirement status would not affect plaintiff's status as a career teacher). Because (1) an annexation procedure is a transaction in which the municipality acts in a governmental capacity, (2) the use of estoppel will not impair the exercise of the governmental powers,[3] and (3) in this case the use of estoppel is necessary to prevent loss to these petitioners, we hold that estoppel can be asserted as a bar to Fairmont's motion to dismiss based on section 160A-38(a). To hold otherwise would reward purposeful deceit by government officials and prohibit citizens from pursuing statutorily created remedies.

We reverse the order of the trial court dismissing this action and remand this case for consideration of the petitioners' claim of estoppel.

Reversed and remanded.

Judges MARTIN, Mark D. and TIMMONS-GOODSON concur.

---

3. If petitioners are successful on their assertion of estoppel and are ultimately successful on their claim that the annexation must be invalidated, Fairmont would not be precluded from enacting a new annexation ordinance.