TYSON, Judge.
H.D. ("the juvenile") appeals from disposition and commitment order entered committing him to a youth development center. We affirm.
I. Background
The juvenile was adjudicated delinquent on 30 April 2004 for attempted second degree sexual offense. He was placed at the Keys of Carolina, a secure residential treatment facility to receive sex offender treatment. The juvenile had been previously adjudicated delinquent on 24 February 2003 for possessing a weapon on educational property and on 1 April 2003 for injury to personal property and simple assault.
While at the Keys of Carolina, the juvenile admitted to program therapist, Mr. Charles Ukaoma ("Mr. Ukaoma"), that he had performed oral and anal sex on a male victim at the YMCA on two occasions in 2000. The juvenile also informed Mr. Ukaoma that he had performed oral and anal sex on another boy while he was placed in a previous group home.
The juvenile was thirteen years old at the time of the dispositional hearing held on 30 August 2004. Ms. Diane Koch ("Ms. Koch"), the juvenile's case manager from Pathways Mental Health, testified regarding the juvenile's background. Until the age of three, the juvenile was "exposed to a lot of sexual activity and pornographic material." As a result, the juvenile was removed from his parents. The juvenile's parents died when he was approximately three years old. Ms. Koch testified the juvenile's behavior improved at the Keys of Carolina, which offered the juvenile the best prognosis of being rehabilitated. Ms. Koch opined that the Keys of Carolina was one of the two best facilities in the State for the treatment of juvenile sex offenders.
The State, through the juvenile court counselor, Mr. Walter Owens ("Mr. Owens"), recommended the juvenile remain at the Keys of Carolina. Mr. Ukaoma also recommended the juvenile remain at the Keys of Carolina for treatment of his "predatory sexual deviant behaviors" because it would provide his best chance for rehabilitation.
At the conclusion of the hearing, the trial court ordered the juvenile to be committed to the Department of Juvenile Justice and Delinquency Prevention for placement in a youth development centerfor an indefinite period of time up to his eighteenth birthday. The juvenile appeals.
II. Issues
The issues on appeal are whether the trial court erred by: (1) failing to make competent findings of fact; (2) making conclusions of law unsupported by the findings of fact; (3) failing to find the juvenile had extraordinary needs to justify a Level 2 disposition; (4) ordering the juvenile register as a sex offender when the court made no finding of fact that the juvenile was a danger to the community; and (5) not releasing the juvenile pending appeal without making the requisite findings of fact.
III. Findings of Fact and Conclusions of Law
The juvenile argues the trial court failed to make competent findings of fact in the dispositional order. We disagree.
The dispositional order consists of form AOC-J-462 entitled, "Juvenile Level 3 Disposition and Commitment Order (Delinquent)," and a five-page addendum for additional findings of fact. The first portion of the addendum recites the Keys of Carolina Master Treatment Plan/Progress Report filed on 26 July 2004. These findings of fact merely summarize the Master Treatment Plan/Progress Report.
The trial court must find the ultimate facts necessary to support the conclusions of law "by processes of logical reasoning from the evidentiary facts." In re Anderson, 151 N.C. App. 94, 97, 564 S.E.2d 599, 602 (2002) (citation omitted). Mere recitation of the Master Treatment Plan/Progress report does not indicate process of logical reasoning was used by the trial court in finding the facts contained in the dispositional order. Id.
As to the remainer of the addendum, the juvenile argues while the order does not merely repeat the Master Treatment Plan/Progress Report, the trial court failed to make competent findings of fact. The juvenile asserts the trial court only recites the areas in which it was supposed to make findings of fact as required by N.C. Gen. Stat. § 7B-2501.
N.C. Gen. Stat. § 7B-2501(c) (2003) states:
In choosing among statutorily permissible dispositions, the court shall select the most appropriate disposition both in terms of kind and duration for the delinquent juvenile. Within the guidelines set forth in G.S. 7B-2508, the court shall select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile, based upon:
(1) The seriousness of the offense;
(2) The need to hold the juvenile accountable;
(3) The importance of protecting the public safety;
(4) The degree of culpability indicated by the circumstances of the particular case; and
(5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.
"The trial court's factual findings must be more than a recitation of allegations. They must be the 'specific ultimate facts . . . sufficient for the appellate court to determine that the judgment is adequately supported by competent evidence.'"Anderson, 151 N.C. App. at 97, 564 S.E.2d at 602 (quotingMontgomery v. Montgomery, 32 N.C. App. 154, 156-57, 231 S.E.2d 26, 28 (1977)).
The trial court found that the juvenile admitted as recently as 2 March 2004 that he had performed oral and anal sex on two occasions on a male victim at the YMCA and on another male while residing in a group home. The court found these offenses to be "extremely serious in nature." See N.C. Gen. Stat. § 7B-2501(c)(1).
The trial court also stated that it considered "the need to hold the juvenile accountable for these offenses." The court found that the juvenile had been adjudicated delinquent for attempted second degree sexual offense on 30 April 2004. The court further found that the juvenile had been adjudicated delinquent on previous occasions for injury to personal property, simple assault, and possessing a weapon on educational property. See N.C. Gen. Stat. § 7B-2501(c)(2).
The trial court also considered the importance of protecting the public. The court found that the second degree sexual offense for which the juvenile had been adjudicated delinquent occurred in a public facility. The juvenile also admitted to having performed oral and anal sex on a male victim on two occasions at the YMCA, a public facility. See N.C. Gen. Stat. § 7B-2501(c)(3). The trial court also found that the juvenile presented no evidence that any other person was involved in committing the offense and presented no evidence that the victim voluntarily consented to the sexual conduct. See N.C. Gen. Stat. § 7B-2501(c)(4). The trial court found that the juvenile was "in desperate need of sexual offender specific treatment" and such treatment would be available at the Swannanoa Youth Development Facility, where the juvenile was committed. Mr. Owens testified that the Swannanoa Youth Development Facility has treatment for sexual offenders and that the juvenile would potentially receive counseling while committed. See N.C. Gen. Stat. § 7B-2501(c)(5). While we reiterate the need to make specific findings of fact, the trial court made sufficient findings of fact to support its conclusions of law pursuant to N.C. Gen. Stat. § 7B-2501. This assignment of error is overruled.
IV. Dispositional Level
The juvenile argues the trial court abused its discretion in imposing a Level 3 disposition rather than a Level 2 disposition in order to commit him to a youth development center. We disagree.
The juvenile court is required to "select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile . . . ." N.C. Gen. Stat. § 7B-7201(c) (2003). Here, the juvenile was adjudicated of a violent offense. The juvenile's delinquency history level was determined to be high pursuant to N.C. Gen. Stat. § 7B-2507. The juvenile's dispositional level is Level 3 based on his delinquency history level and the type of offense he committed. N.C. Gen. Stat. § 7B-2508(f) (2003). A court shall commit a juvenile with a Level 3 disposition to the Department for placement in a youth development center. N.C. Gen. Stat. § 7B-2508(e) (2003). "However, a court may impose a Level 2 disposition rather than a Level 3 disposition if the court submits written findings on the record that substantiate extraordinary needs on the part of the offending juvenile."Id. A Level 2 disposition is primarily a community based placement and would allow the juvenile to remain in a program such as the Keys of Carolina. A Level 3 disposition carries commitment to the Department.Id.
The juvenile asserts that the trial court abused its discretion by failing to find that he had extraordinary needs to justify a Level 2 rather than a Level 3 disposition. Witnesses at the hearing recommended that the juvenile remain at the Keys of Carolina for treatment.
In In re Robinson, this Court stated:
Once a juvenile is placed in a dispositional level, the statutes provide dispositional alternatives which may be utilized by the trial court. However, in those instances where there is a choice of level, there are no specific guidelines solely directed at resolving that issue. Accordingly, choosing between two appropriate dispositional levels is within the trial court's discretion. Absent an abuse of discretion, we will not disturb the trial court's choice. "An abuse of discretion occurs when the trial court's ruling 'is so arbitrary that it could not have been the result of a reasoned decision.'"
151 N.C. App. 733, 737, 567 S.E.2d 227, 229 (2002) (emphasis supplied) (quoting Chicora Country Club, Inc. v. Town of Erwin, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997), disc. rev. denied, 347 N.C. 670, 500 S.E.2d 84 (1998) (quoting White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985))). The trial court considered the testimonies of Mr. Owens, the juvenile court counselor, and Ms. Koch, the juvenile's mental health worker. The court also considered the report of Mr. Ukaoma, the program therapist at Keys of Carolina, and the report of Mr. Kenneth Merritt, the lead teacher at Keys of Carolina. The court considered the Keys of Carolina treatment plan and progress report. The trial court stated:
The Court has considered the arguments of counsel, the recommendations of the juvenile court counselor and recommendations of the social worker. The Court does not find that is an extraordinary need. Therefore, the Court makes no written findings - can make no written findings that substantiate an extraordinary need. Therefore, the Court, as mandated by the statute, enters the commitment.
It is the sole duty of the trial judge to determine the credibility of the witnesses, the weight to be accorded to their testimonies, and to determine which inferences shall be drawn from the evidence. In re Gleisner, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000) (citation omitted). The juvenile failed to show the trial court's decision was not the result of a reasoned decision to rise to an abuse of discretion to impose a Level 3 rather than a Level 2 disposition. This assignment of error is overruled.
V. Sex Offender Registration
The juvenile contends the trial court erred in ordering that he register as a sex offender when the court made no finding of fact that he was a danger to the community. We disagree.
N.C. Gen. Stat. § 7B-2509 (2003) provides that in any case where a juvenile who is at least 11 years of age is adjudicated delinquent for second degree sexual offense, the court may require the juvenile to register as a sex offender upon a finding that the juvenile is a danger to the community. The statute does not require the court to make written findings that the juvenile is a danger to the community and the court is not required to use the specific words "danger to the community" in its findings. The record clearly shows the trial court considered the danger the juvenile poses to the community. At the hearing, the trial court stated, "he's admitted to sexual conduct in public places, so I'm going to allow that registration." The trial court complied with the requirements of the statute. This assignment of error is overruled.
VI. Release Pending Appeal
By his final assignment of error, the juvenile argues the trial court erred in ordering the dispositional order would not be stayed and he would not be released pending appeal of the dispositional order. We disagree.
Pending disposition of an appeal, the release of the juvenile, with or without conditions, should issue in every case unless the court orders otherwise. For compelling reasons which must be stated in writing, the court may enter a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile or the State.
N.C. Gen. Stat. § 7B-2605 (2003). The juvenile contends the court made no findings of "compelling reasons" to enter an order restricting the release of the juvenile.
The trial court found that the juvenile admitted to having performed oral and anal sex on two different occasions on a male victim at the YMCA, a public facility, and to having performed oral and anal sex on another victim while residing in a group home. The trial court also found that the juvenile had been adjudicated delinquent for the offenses of second degree sexual offense, injury to personal property, simple assault, and possessing a weapon while on educational property. The trial court specifically found that the second degree sexual offense occurred in a public facility. No evidence was presented suggesting that the victim voluntarily consented to the sexual conduct. These findings are sufficient "compelling reasons" to satisfy N.C. Gen. Stat. § 7B-2605. This assignment of error is overruled.
VII. Conclusion
The trial court made sufficient findings of fact to support its conclusions of law. The juvenile has failed to show the trial court abused its discretion in imposing a Level 3 disposition on him. The trial court did not err in ordering the juvenile to register as a sex offender or in denying his release pending appeal. The trial court's order is affirmed.
Affirmed.
Judges JACKSON and SMITH concur.
Report per Rule 30(e).